748

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. GUY ARCHIOPOLI, Respondent.— Appeal by the People from an order of the Supreme Court, Kings County, dated October 29, 1971, which granted defendant's motion to suppress certain physical evidence, after a hearing. Order reversed, on the law, and motion denied. Defendant was observed on a street corner with another person. He was then seen entering an apartment building and exiting therefrom. The officer who observed this conduct had made a number of narcotics arrests in the area involved and called out to defendant, "Hey, you", and started across the street to speak to him. Defendant, upon seeing the officer, fled. The officer gave chase for two blocks, whereupon defendant assaulted him. Defendant was arrested for assault; and a search revealed two bags of heroin. The hearing court concluded that at the moment the officer approached defendant the officer did not have grounds for an arrest and that defendant's activities had not given rise to a suspicion that a crime was being committed; and it granted the motion to suppress. We are of the view that a reversal is mandated here by the decisions in *People* v. *Rosemond* (26 N Y 2d 101) and *People* v. *Rivera* (14 N Y 2d 441). Those cases clearly authorize an officer, on the basis of the common law, to stop a person on the public streets and make reasonable, nonincriminating inquiries of him. *Rosemond* indicates that the right of inquiry upon grounds less compelling than those which justify an arrest and on grounds less compelling than those stated in the "stop and frisk" law (Code Crim. Pro., § 180-a [now CPL 140.50]) existed at common law. That case noted that the police can and should find out about unusual situations they see, as well as suspicious ones. Our conclusion that the officer here had a right to inquire of defendant is based on the common-law right discussed in *Rosemond*. We do not reach the issue of whether the officer had a right on this state of facts to frisk defendant, since that opportunity did not arise (see *People* v. *Rivera*, 14 N Y 2d 441, *supra*). Once the officer saw that defendant took flight upon his approach, he was certainly entitled to pursue him (*People* v. *Rivera*, *supra*). Of course, once he was assaulted, the officer was entitled to arrest defendant for that assault and to make a search incidental to that arrest (Penal Law, § 35.27; *People* v. *Loria*, 10 N Y 2d 368). Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.