■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ARCHIE WILLIAM HOWARD, Also Known as WILLIAM ARCHIE HOWARD, Respondent.— Order, Supreme Court, Bronx County, entered June 5, 1978, granting the defendant-respondent's motion to suppress physical evidence pursuant to CPL 710.20, unanimously reversed, on the law and the facts, and the motion to suppress denied, and the matter remanded for further proceedings. Findings of fact inconsistent herewith are reversed. Two police officers in plainclothes and in an unmarked car in a high crime area observed the defendant carrying a small piece of luggage variously described as a woman's vanity case or a square lunch box. Because he looked suspicious, one of the officers came abreast of him, displayed his police shield and said "police officer, I would like to speak to you". The defendant ignored the police, and when they repeated the statement, the defendant began to run and climbed an iron fence, with one of the police officers in pursuit. A civilian also joined the chase and followed the defendant into a basement where he saw him throw the bag into a corner among some old furniture. The defendant then ran to the opposite wall and tried to escape through a small window. The civilian held him until the police arrived. The officer could not find the bag, but the civilian pointed to it, and when the officer opened it, he discovered a large amount of heroin in glassine envelopes and a revolver. The officers' actions were proper throughout the entire incident, and the motion to suppress should have been denied. Under the circumstances heretofore disclosed, the police were entitled to pursue the defendant. (*People v Rosemond*, 26 NY2d 101; *People v Archiopoli*, 39 AD2d 748.) Further, there was an abandonment of the bag. (*People v Brown*, 40 AD2d 527.) Concur — Kupferman, J. P., Birns, Fein, Markewich and Sandler, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP YUAN, Appellant.—Judgment, Supreme Court, Bronx County, rendered June 24, 1977, convicting the defendant on his plea of guilty to manslaughter in the first degree, unanimously modified, as a matter of discretion in the interest of justice, to reduce the indeterminate sentence of 7 to 21 years to a sentence of not less than 5 nor more than 15 years, and otherwise affirmed. This was the defendant's first conflict with the law, he was 17 years of age at the time, and he was less culpable than his accomplice who received an indeterminate sentence of 8⅓ to 25 years. Concur—Kupferman, J. P., Silverman, Fein and Sandler, JJ.