■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD W. HALL, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Collins, J.), rendered June 2, 1981, convicting him of criminally negligent homicide, upon a jury verdict, and imposing sentence. Judgment affirmed. On November 3, 1979, at about 7:00 P.M., defendant was involved in an auto accident. Specifically, he drove his car off the road and struck a tree. His passenger was killed instantly. The odor of alcohol was detected on defendant's breath. Also, an empty bottle of vodka was found under the driver's seat. Defendant had purchased the car earlier that day for $10, at which time he was warned that one tire was worn to the core and that the brakes were low. The vodka bottle was not in the car at the time of the sale. Prior to the accident, witnesses observed the car weaving on the highway. A

motorist behind the defendant's vehicle did not see the brake lights of the latter's car illuminate prior to the time it struck the tree. Following the accident the defendant was rushed unconscious to the hospital. He was later tried and convicted of criminally negligent homicide. The credible testimony given by several State troopers and a local officer, who were at the accident scene and at the hospital where the defendant was treated, established that the defendant was arrested in the hospital at approximately 8:00 P.M. Additional testimony confirmed that the extracting of blood, pursuant to section 1194 of the Vehicle and Traffic Law, took place at 9:45 or 9:50 P.M. Subdivision 1 of section 1194 of the Vehicle and Traffic Law provides, *inter alia,* that a person who operates a motor vehicle shall be deemed to have consented to a chemical analysis of his blood to determine its alcoholic content provided that such test is administered at the direction of a police officer having reasonable grounds to believe that such person was driving in an intoxicated condition in violation of section 1192 of the Vehicle and Traffic Law, and that the blood be extracted within two hours after such person is arrested for any such violation. The issue on this appeal is whether the results of a chemical analysis of a sample of defendant's blood were admissible in evidence against defendant in this criminal prosecution. We hold that the blood sample was taken in compliance with section 1194 of the Vehicle and Traffic Law and that the test results were therefore properly admitted into evidence. The instant case is distinguishable from the recent Court of Appeals decision in *People v Moselle* (57 NY2d 97) because here the defendant was unconscious when the sample of blood was extracted from his body. This case is more similar to *People v Kates* (53 NY2d 591, 594-596), in which the Court of Appeals held, in an opinion by Judge Wachtler, that a blood alcohol test of a hospitalized driver who is unconscious or so disoriented as to be incapable of giving his actual consent violates neither section 1194 of the Vehicle and Traffic Law nor the equal protection rights of the unconscious driver. Defendant Kates was indicted for criminally negligent homicide, driving while intoxicated and related offenses. Since neither the majority nor the dissent in *Moselle* made reference to *Kates,* decided only nine months earlier, we are of the opinion that the Court of Appeals did not intend to overrule *Kates.* Accordingly, we analyze the instant appeal by reading *Moselle* as consistent with *Kates. Moselle* holds that blood samples taken without a defendant's consent or a judicial order are generally inadmissible at a trial for drunk driving or penal law offenses. The implied consent provision of section 1194 of the Vehicle and Traffic Law is operative in this case, thereby satisfying one of the alternatives for admissibility. Hence, no court order was necessary. In each of the three factual situations described in *Moselle,* in which the blood samples were not properly admissible, section 1194 was not complied with. Conversely, in the instant case the police had probable cause to arrest the defendant for driving in an intoxicated condition, arrested him and extracted blood within two hours of his arrest. Defendant's implied consent under section 1194 is not deemed revoked by the fact that he was unconscious at the time the blood sample was taken (*People v Kates, supra*). Damiani, J. P., Gulotta, Rubin and Boyers, JJ., concur.