■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT MAGIERA, Respondent. — Order unanimously reversed and count I of indictment reinstated. Memorandum: Upon our review of the record, we find the evidence presented to the regularly convened Grand Jury of Cattaraugus County to be legally sufficient to support an indictment charging defendant with criminally negligent homicide in violation of section 125.10 of the Penal Law. In a multicount indictment which also charges defendant with violations of subdivisions 2 and 3 of section 1192 of the Vehicle and Traffic Law (operating a motor vehicle while he had .10 of 1% or more of alcohol in his blood and driving while intoxicated), the court may not presume that the prosecutor's comments before the Grand Jury as to the Vehicle and Traffic Law standard for intoxication "unquestionably suggested to the grand jury that a person who takes a breathalyzer test and is 'over the legal limit' is intoxicated" for purposes of establishing a Penal Law violation. To the extent that the comments could be so interpreted, the error, if any, is harmless. There was ample other evidence of defendant's intoxication including his admission to the Grand Jury that he was probably "somewhat intoxicated". The record reveals that defendant was afforded *Miranda* warnings and prior to the administration of the breathalyzer test was advised of his rights under section 1194 of the Vehicle and Traffic Law. He consented to submit to a chemical blood test which indicated the presence of .12 of 1% by weight of alcohol in his blood. There is no statutory

restriction which prohibits the blood samples from being used in a prosecution for violation of the Penal Law. Recently, in *People v Moselle* (57 NY2d 97, 101) the Court of Appeals stated: *"Absent a manifestation of a defendant's consent thereto,* blood samples taken without a court order other than in conformity with the provisions of subdivisions 1 and 2 of section 1194 of the Vehicle and Traffic Law are inadmissible in prosecutions for operating a motor vehicle while under the influence of alcohol under section 1192 of that law. Beyond that, *blood samples taken without a defendant's consent are inadmissible in prosecutions under the Penal Law unless taken pursuant to an authorizing court order."* (Emphasis added.) In the trilogy of cases decided therein, the People discovered the weight of alcohol in defendant's blood without the consent of a conscious defendant or without obtaining a court order. Those facts do not exist here. Defendant was fully apprised of his rights and consented to the test, albeit for the charge of driving while intoxicated. Nonetheless, such consent, freely given, renders the results admissible as evidence on the Penal Law violations as well. (Appeal from order of Cattaraugus County Court, Crowley, J. — criminally negligent homicide.) Present — Dillon, P. J., Callahan, Green, O'Donnell and Schnepp, JJ.