*835
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was convicted after a jury trial of criminally negligent homicide (Penal Law, § 125.10), arising out of a single-car accident on November 3, 1979 in which defendant was the operator of the vehicle and as a result of which his passenger was killed. After the impact and while unconscious, defendant was taken to a hospital. While there and still in that condition, he was arrested and a blood sample was extracted which indicated that he was intoxicated at the time of the occurrence.
 

 Defendant argues that, under this court’s decision in
 
 People v Moselle
 
 (57 NY2d 97), the chemical blood test results should have been suppressed because a blood sample taken pursuant to section 1194 of the Vehicle and Traffic Law, without a separate court order, may not be used in prosecutions brought under the Penal Law. This argument was not properly preserved for this court’s review as defendant failed to raise that specific argument at the suppression hearing (see
 
 People v Colon,
 
 54 NY2d 913, 914-915;
 
 People v Thomas,
 
 50 NY2d 467, 471).
 

 Alternatively, defendant claims that the results of the analysis of his blood should not have been admitted because it was not taken in compliance with section 1194 of the Vehicle and Traffic Law. This is not persuasive, as the sample was taken within two hours of the arrest by a registered nurse at the request of a police officer, who had reasonable grounds to believe that defendant had been operating a vehicle in violation of section 1192 of the Vehicle and Traffic Law. Defendant’s consent to provide a blood sample was implied under section 1194 of the Vehicle and Traffic Law, notwithstanding that he was unconscious at the time of the blood withdrawal (see
 
 People v Kates,
 
 53 NY2d 591, 595-596). The statute’s requirements having been met, there was no basis for suppression.
 

 Defendant’s other arguments have been considered and found to be without merit.
 

 
 *836
 
 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur; Judge Simons taking no part.
 

 Order affirmed in a memorandum.