■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT CASADEI, Respondent. — Order unanimously reversed, on the law, and motion to suppress results of blood tests denied. Memorandum: As the result of a two-car accident in which the driver of one vehicle was fatally injured, defendant was charged in an eight-count indictment with manslaughter in the second degree, criminally negligent homicide and various violations of the Vehicle and Traffic Law. Defendant moved to suppress the results of a blood test administered without his consent pursuant to a search warrant (CPL 690.10). The court granted the motion with respect to the charges of driving while under the influence of alcohol on the rationale that section 1194 of the Vehicle and Traffic Law is the exclusive method of obtaining a blood sample with respect to a violation of section 1192. The court additionally held that the results of the blood test were not admissible on the charges under the Penal Law because the facts alleged by the police in their application for the search warrant failed to establish probable cause to believe that defendant had committed those crimes.

The blood samples were obtained pursuant to a valid search warrant based on probable cause and are thus admissible with respect to all of the charges in the indictment. In our view the suppression court improperly construed *People v Moselle* (57 NY2d 97) in holding that section 1194 is the exclusive method of obtaining a blood sample for violation of section 1192. That conclusion ignores the language to the effect that "[n]o room is then left for the taking of samples of blood otherwise than pursuant to a court order issued under CPL 240.40 *or a court order otherwise authorized by law* (or in conformity with § 1194)" (*People v Moselle, supra,* p 110 [emphasis added]). We read *Moselle* as holding that blood samples taken either with the defendant's consent or pursuant to judicial order are admissible for Vehicle and Traffic Law offenses (see *People v Magiera,* 97 AD2d 963, 964; *People v Hall,* 91 AD2d 1002, affd on other grounds 61 NY2d 834).

Additionally, the facts alleged in the application for a search warrant, that defendant smelled of alcohol, that his eyes were glassy, his face red, his speech "thick-tongued," that he was belligerent, and that the driver of the other vehicle was pronounced dead at the scene, were sufficient to establish probable

cause to believe that the defendant had committed manslaughter in the second degree or criminally negligent homicide. Defendant argues that, because the People did not include the Penal Law charges in their statement pursuant to CPL 450.50, they are precluded from introducing evidence of the blood test at trial with respect to those charges. We disagree. Although the statement submitted by the People (CPL 450.50, subd 1) was directed only to the charge under subdivision 2 of section 1192 of the Vehicle and Traffic Law, if the People had not prevailed on appeal, they would have been precluded from prosecuting the remaining charges in the indictment (CPL 450.50, subd 2; *Matter of Forte v Supreme Ct.,* 48 NY2d 179). It follows that, inasmuch as the People have prevailed on this appeal, the results of the blood test are admissible on all charges in the indictment. (Appeal from order of Oneida County Court, Darrigrand, J. — motion to suppress.) Present — Doerr, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.