■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD GATES, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered March 29, 1983, convicting him of criminally negligent homicide, operating a motor vehicle while under the influence of alcohol, leaving the scene of an incident without reporting, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Judgment affirmed.

At approximately 11:30 P.M. on September 5, 1981, Mary Maher was killed in an automobile accident when the car in which she was a passenger was struck in the rear by a vehicle driven by the defendant. The defendant failed to observe the vehicle in which the decedent was a passenger until he was only about 25 feet behind it. He was traveling in excess of the speed limit, between 50 and 60 miles per hour when his passenger alerted him to the situation by screaming his name and attempting to grab the wheel. The defendant tried to veer to the right to avoid hitting the car; however, he was unsuccessful and in fact caused very extensive damage to the car in which the decedent was riding. Thinking that he had merely "clipped" the car in front of him, the defendant continued along his way until an acquaintance who witnessed the accident and realized that the defendant's passenger had been injured signaled to him to pull over. Several of the defendant's companions told him that it was only a minor accident, and that he should go home and not worry.

The defendant was arrested 2½ hours after the accident at a location about one quarter of a mile from the scene thereof, where he was found slumped over in the driver's seat of his automobile. The car's lights were still on, and front end damage was evident. The defendant did not respond to the officers, and the car door had to be pried open with a "slim jim" device. Breathalyzer tests administered 3½ hours after the accident revealed the defendant's blood alcohol content to be .15%, and all of the evidence indicated that the defendant had not consumed any alcohol after the time of the accident, although he had been drinking beer throughout the day and evening.

The defendant contends on appeal that the evidence was insufficient to establish his guilt of criminally negligent homicide beyond a reasonable doubt.

"Before a person can be held criminally liable for negligently * * * causing the death of another, it must be proven that he engaged in conduct which involved a 'substantial and unjustifiable risk' of death and constituted 'a gross deviation' from the standard of conduct or care that a reasonable person would observe in the situation (Penal Law, § 15.05, subds 3, 4; see, also, Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 15.05). The defendant's awareness of the risk determines the degree of culpability. If he failed to perceive the substantial and unjustified risk of

death inherent in his act, he is guilty of criminally negligent homicide (Penal Law, § 125.10)" *(People v Montanez,* 41 NY2d 53, 56). Whether there has been a failure to perceive a risk which is of the type condemned by the Penal Law depends entirely upon the circumstances of each particular offender's conduct, and this issue is generally one for the trier of fact to determine *(see, People v Haney,* 30 NY2d 328, 335; *People v Licitra,* 47 NY2d 554, 558).

Viewing the evidence in the light most favorable to the People, as we must *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), and assuming that the jury credited the testimony of the People's witnesses *(see, People v Benzinger,* 36 NY2d 29, 32), the jury's verdict is adequately supported by the evidence since " '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " *(People v Contes,* 60 NY2d 620, 621, quoting from *Jackson v Virginia,* 443 US 307, 319; *see, People v La Joy,* 109 AD2d 916).

The defendant's challenge to the constitutionality of Vehicle and Traffic Law § 1192 is without merit *(see, People v Perez,* 73 AD2d 677; *People v Schmidt,* 124 Misc 2d 102; *see also, People v Cruz,* 48 NY2d 419, *appeal dismissed* 446 US 901), as are his contentions that his breathalyzer test results were erroneously admitted into evidence and wrongfully considered by the jury with respect to the crimes he was originally charged with under the Penal Law, to wit, manslaughter in the second degree and criminally negligent homicide (Penal Law §§ 125.15, 125.10; *see, People v Hall,* 91 AD2d 1002, *affd* 61 NY2d 834).

We reject the defendant's contentions that the prosecutor's summation and his attempted impeachment of his own witnesses deprived him of a fair trial. The court sustained defense counsel's objections to the People's summation and gave curative instructions to the extent desired by defense counsel. Additionally, the trial court properly permitted the prosecutor, on one single occasion during the trial, to impeach one of his own witnesses *(see,* CPL 60.35 [1]), and defense counsel stated on the record that he had no objection thereto.

The alleged errors in the trial court's charge were not objected to at trial and therefore have not been preserved for our review as a matter of law, and we decline to reach them in the interest of justice. Furthermore, we find nothing in this record to warrant a modification of the defendant's sentence. Niehoff, J. P., Rubin, Eiber and Kooper, JJ., concur.