OPINION OF THE COURT
Raymond E. Cornelius, J.
The petitioner, Elizabeth Doran, has commenced this proceeding, pursuant to CPLR article 78, for the purpose of prohibiting further prosecution of certain charges presently pending against her, following the unsuccessful appeal by the People from a pretrial suppression order. An appeal, by the People, from an order suppressing evidence constitutes a bar to the prosecution of all crimes charged in an accusatory instrument unless reversed upon appeal. (CPL 450.50 [2].) The Court of Appeals has held that, in such cases, this statute would also constitute a bar to the further prosecution for the same crimes contained in a superseding indictment. (Matter of Forte v Supreme Ct., 48 NY2d 179 [1979].) This court now holds that this rule should logically be extended to preclude *308 prosecution of any criminal charges involving the suppressed evidence, and which may be contained in other accusatory instruments.
The actions against the petitioner were initially commenced by the filing of four separate simplified traffic informations, which are defined as accusatory instruments and may serve as a basis for prosecution of traffic infractions and/or misdemeanors. (See, CPL 100.5, 100.10 [2] [a].) She was accused of violating certain sections of the Vehicle and Traffic Law of the State of New York, including the operation of a motor vehicle without insurance, in violation of section 319 (1), which charge was ultimately dismissed after proof of insurance was. produced. The other three actions were the subject of further prosecution, as well as the pending proceeding, and consisted of charges that petitioner operated a motor vehicle while in an intoxicated condition, in violation of section 1192 (2) and (3), and failed to stop for a flashing red signal light, in violation of section 1113 (a).
The charges arose from an incident* which occurred on October 2, 1984 and involved collision with another motor vehicle. It is unnecessary, for the purposes of this proceeding, to detail the facts and circumstances surrounding the police investigation, except to note that the petitioner was seriously injured and taken to a hospital, where a blood sample was taken from her, and a subsequent analysis disclosed the presence of .18 of 1%, by weight, of ethyl alcohol in the blood. Pursuant to CPL 71(1.30 (1) the District Attorney served notice of an intent to introduce into evidence an admission, made by petitioner, that she had "had one beer prior to accident and several since”. In addition, petitioner purportedly made another statement at the hospital, to the effect that she did not remember driving a motor vehicle or proceeding through the red light. Following a hearing, which was held pursuant to a motion to suppress evidence, the Town Court Justice, by order dated July 24, 1985, granted the motion to "suppress the results of the blood alcohol test and the defendant’s statements”. This order was affirmed by a decision of the County Court, dated February 6, 1987, after an appeal taken by the People. Finally, the Honorable Richard D. Simons, Associate Judge of the Court of Appeals of the State of New York, by decision dated April 2, 1987, denied permission for leave to appeal the order of the County Court. Again, it is unnecessary for this court to address the merits of the respective positions, in regard to the suppression of the evidence, and it will suffice *309 to note that the issues did include principles of law enunciated in People v Moselle (57 NY2d 97 [1982]) and People v Kates (53 NY2d 591 [1981]).
Although counsel for the petitioner made reference to the three separate charges in the motion for suppression, there is no indication, either in the hearing itself, or the subsequent order granting suppression, of the specific charges, or accusatory instruments, which were involved therein. Nevertheless, the District Attorney, in addition to the notice of appeal and, as required by CPL 450.50 (1), filed a statement in connection with the appeal from the suppression order, in which the following, in relevant part, is asserted: "The order * * * suppressed certain evidence which renders-our proof insufficient as a matter of law, or so weakens our proof that the reasonable possibility of prosecuting the charges successfully has been effectively destroyed.” (Emphasis added.) Furthermore, the People make reference to each of the pending charges in the statement of the description of the action, which was filed as part of the record pursuant to CPLR 5531, as well as in the statement of facts portion of their brief, which was submitted to the County Court and to the Court of Appeals.
The People now take the position that the suppressed evidence was only relevant to the prosecution of the accusatory instrument, which charged petitioner with violation of section 1192 (2) of the Vehicle and Traffic Law. In essence, they maintain that the other charges were merely being held in abeyance, pending the appeal, and they should be permitted to proceed to trial in the Town Court on these matters. Based upon the chronology of events, and the documentary evidence, which is set forth above, this court would have no difficulty in resolving the issue as a question of fact, and thereby, rejecting the People’s position. However, application has heretofore been made to the same Town Justice, who had conducted the hearing and granted the suppression order, and by decision and order, dated September 10, 1987, the court granted the People permission to proceed with the remaining charges. After restating the People’s position that they should not be precluded from prosecuting all other charges because of the interlocutory appeal, the court, in part, decided as follows: "The Court agrees with this assumption. While Monroe County Court has upheld this court’s decision barring the defendant’s blood test in the statement she made at the hospital, this does not bar proceeding on the other allegations *310 charged. The Court so orders that the remaining charges be placed on the trial calendar.” An order prohibiting and enjoining another court and/or the District Attorney from further prosecution of a pending action is an extraordinary remedy, and, generally, this court would be reluctant to entertain such an application. (See, Matter of Kellogg v Supreme Ct., 29 NY2d 615 [1971].) Nevertheless, the District Attorney has expressly taken the position that the issue should be resolved in the context of this proceeding, pursuant to CPLR article 78. Furthermore, it is not possible to seek or obtain a further clarification of the decisions and orders of the Town Justice because of his recent retirement. Accordingly, this court will proceed to make a determination, but solely as a matter of law. Thus, the court will assume, for purposes of this proceeding, that only the accusatory instrument, in which the petitioner is charged with a violation of section 1192 (2) of the Vehicle and Traffic Law, was the subject of the suppression hearing and order, and subsequent appeal.
As reviewed in Matter of Forte v Supreme Ct. (supra), CPL 450.50 was derived from section 518-a of the Code of Criminal Procedure, which provided that an unsuccessful appeal by the People would constitute " 'a bar to the filing of any criminal charge and to the prosecution of any existing criminal charge against the [defendant] involving the [evidence] in question’ ”. (Supra, at 187.) In this court’s opinion, the standard, established by this language, would preclude the People from proceeding to trial against this petitioner on the remaining accusatory instruments. Certainly, the evidence of the blood test results, as well as the admission concerning the consumption of alcoholic beverages, would be admissible and relevant on the charge of operating a motor vehicle while in an intoxicated condition, in violation of section 1192 (3) of the Vehicle and Traffic Law, or what is sometimes referred to as the "common-law” count of driving while intoxicated. (Vehicle and Traffic Law § 1195 [1]; People v Cruz, 48 NY2d 419, 425 [1979].) Similarly, this same evidence, as well as the statement that petitioner did not remember driving, would be probative on the likelihood of her failure to stop for a flashing red signal, in violation of section 1113 (a) of the Vehicle and Traffic Law.
The legislative history and intent of CPL 450.50 is discussed in Matter of Forte v Supreme Ct. (supra). In essence, although the draftsmen had initially recommended the same language as contained in section 518-a of the Code of Criminal Proce *311 dure, the language was somewhat changed to preclude prosecution of an entire accusatory instrument, instead of the charges which may have involved the suppressed evidence. As pointed out by the court, the purpose was presumably to avoid the problems inherent in attempting to trace which charges actually "involve” the evidence, which may have been suppressed. The court ultimately held that the new section was not intended to limit the inability to further prosecute solely to the original accusatory instrument, which was subject of the appeal. There is nothing contained in the decision of the Court of Appeals which would lead this court to believe that the rule, as clearly expressed in section 518-a of the Code of Criminal Procedure, was intended to be changed or abrogated, and, indeed, there is every indication that the Legislature intended to expand, rather than limit, the prohibition against further prosecution. The purpose, of course, of both section 518-a of the Code of Criminal Procedure and CPL 450.50 was to discourage unnecessary interlocutory appeals.
In the pending case, if all of the charges had been contained in one accusatory instrument, there would be no question but that further prosecution would be prohibited, following an unsuccessful appeal by the People. (People v Casadei, 106 AD2d 885 [4th Dept 1984].) This court holds that the same result should occur in a case where charges are contained in separate accusatory instruments, but involve suppressed evidence, which has been the subject of an appeal by the People in connection with another accusatory instrument.
Based upon the foregoing reasons, the application of petitioner should be granted.