■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LOUGHLIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered June 13, 1988, convicting him of criminally negligent homicide, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which directed that the defendant's term of imprisonment be served consecutively with his term of probation and substituting therefor a provision directing that the term of imprisonment be served concurrently with and as a condition of the term of probation; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Contrary to the defendant's contention, the Supreme Court properly charged the jury with respect to the elements of criminally negligent homicide (see, 2 CJI[NY] PL 125.10, at 187-190), and moreover, fully apprised the jury of the People's obligation to establish the causal connection between the defendant's negligent acts and the victim's death. The defendant's contention that evidence of his refusal to take a breathalyzer test should not have been admitted because he was charged with crimes arising under the Penal Law rather than under the Vehicle and Traffic Law is unpreserved for appel-

late review. In any event, the argument is without merit *(see, People v Dixon,* 149 AD2d 75; *People v Gates,* 122 AD2d 159; *People v Hall,* 91 AD2d 1002, *affd* 61 NY2d 834). Moreover, we conclude that the hearing court's finding that the police attempted to administer the breathalyzer test within two hours of the defendant's arrest is supported by the record.

As the People concede, the Supreme Court erred in sentencing the defendant to five years' probation, to be served consecutively to a six-month term of imprisonment. Pursuant to Penal Law § 60.01 (2) (d) and § 65.00 (3) (a) (i), the Supreme Court should have imposed a term of imprisonment to be served concurrently with and as a condition of the term of probation *(cf., People v Montgomery,* 115 AD2d 102, 103). We find, however, that a reduction of the defendant's period of imprisonment is not warranted *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be without merit. Brown, J. P., Eiber, Kooper and Rosenblatt, JJ., concur.