■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KELVIN FELTON, Respondent.—Order affirmed and indictment dismissed. Memorandum: We affirm for reasons stated in decision at County Court (Wisner, J.). We add that the People's reliance on Penal Law § 35.27 on this suppression motion is misplaced. That section relates only to the defense of "[j]ustification; use of physical force in resisting arrest prohibited" (Penal Law § 35.27) and, under the circumstances of this case, does not provide a substantive basis for the officer's arrest or attempted arrest of defendant.

Furthermore, the indictment must be dismissed since the unsuccessful appeal by the People precludes all further prosecution of defendant for the charges contained in the accusatory instrument *(see,* CPL 450.50 [2]; *Matter of Forte v Supreme Ct.,* 48 NY2d 179, 185-188; *People v Casadei,* 106 AD2d 885, 886, *affd* 66 NY2d 846).

All concur, except Lawton, J., who dissents and votes to reverse and deny the suppression motion, in the following Memorandum.

Lawton, J. (dissenting). I respectfully dissent. Accepting the facts as found by the suppression count and affirmed by the majority, I conclude that defendant's suppression motion nevertheless should have been denied because defendant's strik-

ing the police officer in the face with his fists dissipated any taint that may have resulted from the illegal stop. Here, the officer's search of defendant was not the result of the stop but, rather, was incident to defendant's subsequent lawful arrest for assaulting a police officer. Because of defendant's physical attack upon the police officer, the seizure of the evidence is attenuated from any illegal police conduct that may have been associated with the initial stop. This result, in my opinion, is compelled by the Court of Appeals holding in *People v Townes* (41 NY2d 97). Indeed, the only difference between the present case and *Townes* is that in *Townes* defendant's illegal conduct was an attempted assault with a gun, rather than an assault with a fist. In denying suppression in *Townes (supra,* at 101-102), the court stated:

"Here the gun was produced after the officers had clearly identified themselves, not before as in *Cantor* [36 NY2d 106]; and here the defendant did not immediately reholster the weapon and comply with the officer's commands, as occurred in *Cantor,* but rather Townes disregarded those orders, pulled the weapon, aimed it at the officer and attempted to fire it. Thus, under these circumstances Townes' act was unjustified and criminal in nature (see Penal Law, § 35.27) and unrelated to the initial albeit unlawful action on the part of the police (see *People v Archiopoli,* 39 AD2d 748; see, also, *People v Munger,* 37 AD2d 950, app dsmd 33 NY2d 576).

"We find that Townes' free and independent action in pulling and attempting to fire the gun, taken after and in spite of, or perhaps because of, the plainclothesman's identification of himself as a police officer, serves to render any 'connection between the lawless conduct of the police and the discovery of the challenged evidence * * * "so attenuated as to dissipate the taint" ' *(Wong Sun v United States,* 371 US 471, 487, quoting *Nardone v United States,* 308 US 338, 341; see *Brown v Illinois,* 422 US 590, 603-604; *People v Martinez,* 37 NY2d 662)."

Here, as in *Townes (supra),* defendant's independent and alleged criminal act of assaulting the officer *(see,* Penal Law § 120.05 [3]) breaks the connection between any police illegality and the seizure.

The majority's acceptance of the suppression court's finding that defendant's "actions in responding were immediate, spontaneous, and proportionate to the officer's attempt to lay hands on him when he refused to stop" is equivalent to a finding that defendant's striking of the police officer was excusable as a matter of law. That finding, I believe, is

erroneous. Whether defendant's conduct was excusable or constitutes an assault is solely for a jury to determine. Indeed, the suppression court's holding in this case could have led to the anomalous result that the jury found defendant guilty of the crime of assault but for suppression purposes the assault was excusable. This, in my view, is an unwise precedent. Indeed, this type of result is exactly what the Legislature intended to prevent when it enacted Penal Law § 35.27. That section eliminates the use of the defense of justification by a defendant who assaults an officer even though his arrest be unlawful (see, People v Lopez, 97 Misc 2d 124, 126). The statute was enacted to prevent altercations in street encounters and promote public safety (see, People v Simms, 36 AD2d 23, 24-25). Here, by concluding that defendant's assault on the officer based on his detention is in any way acceptable, we are promoting the opposite, to wit, street altercations and dangers to both the police and citizens. The Legislature has deprived a defendant who assaults an officer after an unlawful arrest of the defense of justification (Penal Law § 35.27); a fortiori, we should not excuse such unjustified and criminal conduct in cases involving less intrusive police conduct.

In my opinion, any initial police illegality arising from the police officer's attempt to stop the defendant does not prevent defendant's subsequent arrest and search based on defendant's unjustified and alleged criminal assault on the officer.

I would reverse and deny defendant's suppression motion. (Appeal from Order of Monroe County Court, Wisner, J.—Suppress Evidence.) Present—Doerr, J. P., Green, Pine, Lawton and Davis, JJ.