The People of the State of New York, Appellant,
against
Robin Pena, Defendant-Respondent.



The People appeal from (1) an order of the Criminal Court of the City of New York, Bronx County (Linda Poust Lopez, J.), dated February 23, 2017, which granted defendant's motion to suppress physical evidence and statements, (2) an order (same court and Judge), dated August 3, 2017, which denied the People's motion for reargument, and (3) an August 21, 2017 oral order of the same court (Marsha D. Michael, J.) which dismissed the accusatory instrument.




Per Curiam.
Order (Linda Poust Lopez, J.), dated February 23, 2017, affirmed. Appeal from order (Linda Poust Lopez, J.), dated August 3, 2017, dismissed as nonappealable. Appeal from order (Marsha D. Michael, J.), dated August 21, 2017, dismissed as academic.
The suppression court, adopting the findings of fact and conclusions of law made by a judicial hearing officer, properly granted defendant's suppression motion. Defendant's vehicle, though having working brake lights on the right and left sides as required by section 375(40)(b) of the Vehicle and Traffic Law, was stopped by police because a third brake light located in the center was defective. Since such defect is not a traffic violation under the unambiguous language of section 375(40)(b) and it was "not an objectively reasonable mistake of law" for the officer to conclude otherwise, the stop violated the Fourth Amendment (United States v Mota, 155 F Supp 3d 461, 474-475 [SD NY 2016]; cf. Heien v North Carolina, 574 US ___, ___, 135 S Ct 530, 539-40 [2014]).
Inasmuch as the unsuccessful appeal by the People precludes all further prosecution of defendant for the underlying charges (see CPL 450.50[2]), we would have dismissed the accusatory instrument (see People v Felton, 171 AD2d 1034 [1991], aff'd 78 NY2d 1063 [1991]). Thus the appeal from the August 21, 2017 order dismissing the accusatory instrument has been rendered academic.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT
I concur I concur I concur
Decision Date: October 29, 2018