(June 9, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY A. McAFEE, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered October 16, 1981, upon a verdict convicting defendant of the crime of murder in the second degree. As the result of an incident which occurred on July 13, 1978 in the Town of Van Etten, Chemung County, wherein defendant allegedly intentionally caused the death of one Randy B. Catlin by firing a loaded .22 caliber rifle at him and thereby wounding him in the head, defendant was indicted on one count of murder in the second degree, a class A-1 felony (Penal Law, § 125.25, subd 1). The skeletal remains of the alleged crime victim were not discovered until October 12, 1979 in a remote area of Chemung County, and through dental identification procedures and also the discovery of a watch, a wallet and certain clothes at the scene the remains were identified as those of Randy B. Catlin. Following a jury trial, defendant was convicted on the charge contained in the indictment, and he was subsequently sentenced to an indeterminate term of imprisonment with a maximum term of life and a minimum term of 25 years. The instant appeal followed. We hold that the challenged judgment should be affirmed and, in so ruling, find unconvincing the several arguments advanced by defendant in seeking a reversal of his conviction and sentence. Defendant's initial contention that his guilt was not proven beyond a reasonable doubt is lacking in substance. Although the People's case was concededly grounded upon circumstantial evidence and consequently defendant's guilt had to be established by facts which were inconsistent with his innocence and excluded every other reasonable hypothesis to a moral certainty (*People v Cleague,* 22 NY2d 363), it should also be emphasized that we must view the evidence in the light most favorable to the People and as a complex of interrelated information which, considered as a whole, must establish defendant's guilt (*People v Kennedy,* 47 NY2d 196). Examination of the People's evidence presented at the trial reveals that it included, *inter alia,* evidence as to a motive for the killing arising out of dealings between Catlin and defendant regarding Catlin's automobile, evidence that defendant had access to the murder weapon and purchased ammunition for such a weapon on July 13, 1978, evidence that defendant returned home on July 13, 1978 with a scratch on his arm and mud on his shoes and acted very nervous all night, and evidence of suspicious and contradictory statements made by defendant about Catlin after July 13, 1978. In our judgment, this proof offered by the People, which was from diverse sources and related to several different aspects of the crime, was clearly sufficient to support the jury's verdict. Similarly unpersuasive are defendant's contentions that the People's failure to provide him with *Brady* material (see *Brady v Maryland,* 373 US 83) and *Rosario* material (see *People v Rosario,* 9 NY2d 286) in a timely fashion was prejudicial to him and deprived him of a fair trial. A reading of the record on appeal establishes that defendant was provided with these materials in sufficient time to use them effectively in his defense to the murder charge (cf. *People v Clark,* 89 AD2d 820, cert den __ US

__, 103 S Ct 577; *People v Kegelman,* 73 AD2d 977). Additionally, the court properly admitted the testimony of Sharon Houghton, defendant's paramour, and of Dr. Collela, a dentist who opined that the murder victim was Randy B. Catlin. Although Houghton was questioned by the police while she was under hypnosis, her testimony was admissible at trial because it related to facts recalled prior to her undergoing hypnosis (cf. *People v Hughes,* 88 AD2d 17). As for Dr. Collela, the jury plainly had sufficient information relative to his qualifications as an expert so as to make an intelligent valuation of his testimony (cf. *Felt v Olson,* 74 AD2d 722, affd 51 NY2d 977). Lastly, we have examined defendant's remaining contentions and find them to be likewise without merit. Judgment affirmed. Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.

Kane, J. P., concurs in a separate memorandum. Kane, J. P. (concurring). I am compelled to comment on the desirability of the use of the "moral certainty" phrase in defining the quantum of proof required in a circumstantial evidence case in view of concerns expressed by this court and the Court of Appeals (see *People v Gonzalez,* 54 NY2d 729, 730-735; *People v Bell,* 94 AD2d 894; *People v Shanklin,* 59 AD2d 588, 590)