■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM LA JOY, Appellant. — Harvey, J. Appeal from a judgment of the County Court of Clinton County (Goldman, J.), rendered July 28, 1983, upon a verdict convicting defendant of the crimes of criminally negligent homicide, leaving the scene of an accident without reporting, as a felony, and operating a motor vehicle while under the influence of alcohol.

At approximately 8:45 P.M. on June 2, 1982, Karen J. Fleury was killed when she was struck by a blue Volkswagen van while she was riding a bicycle on Route 9 in the City of Plattsburgh. An eyewitness traveling in the same direction on Route 9 observed the van swerve back and forth a number of times and then violently to the right-hand curb. He saw a puff of dust just before the van came back to the middle of the lane. He then saw

the victim and her bicycle lying on the right-hand side of the curb. The van stopped some distance from the point of impact, but left before the police arrived at the scene.

After a police investigation, defendant was indicted for manslaughter in the second degree, criminally negligent homicide, leaving the scene of an accident without reporting, as a felony, and operating a motor vehicle while under the influence of alcohol. After trial, he was convicted of all but the manslaughter count and this appeal ensued.

Defendant's first contention was that the evidence was insufficient to establish his guilt as to criminally negligent homicide beyond a reasonable doubt. An analysis of the evidence discloses that the only seriously controverted aspect of the proof is the identity of the driver of the van. Defendant testified that the van was being operated by one Wayne Peterson at the time of the accident and that he was a passenger. However, eyewitnesses at the scene observed only one person in or near the van, and that person's description fit that of defendant. On the day of the accident, defendant had possession of the vehicle, which belonged to his father. He was described by another witness as being intoxicated when he drove away from a bar sometime after 7:45 P.M. on the evening in question in an erratic manner. The van was in his possession at his residence a short time after the accident and defendant, in a conversation with the police officers, admitted that he had hit something while operating the van but did not know exactly what he had hit. Expert testimony identified hair found on the van's windshield wiper blades as being the same as the victim's hair and identified paint chips imbedded in the victim's clothing with the paint from the van. He was seen both before and after the accident in an intoxicated condition. A breathalyzer test evidenced a .23% blood alcohol level.

The circumstantial evidence that defendant was the operator of the van at the time of the accident was so strong that the inference of defendant's guilt was completely inconsistent with his innocence and excluded to a moral certainty every other reasonable possibility (*People v Way,* 59 NY2d 361, 365; *People v Benzinger,* 36 NY2d 29, 32). Viewing the evidence most favorably to the People, as we must (*People v Way, supra,* p 365; *People v McAfee,* 95 AD2d 898), the record is convincing of defendant's guilt beyond any reasonable doubt. We may validly assume that the jury found the People's witnesses credible and rejected defendant's exculpatory version of events (*People v Benzinger, supra,* p 32). Thus, we reject defendant's contention that the evidence was insufficient to sustain his conviction for criminally negligent homicide.

Prior to trial, a suppression hearing was conducted as to statements made by defendant to the police shortly after the accident. Defendant contends that no statement of his was made voluntarily and intelligently. The evidence disclosed that a State trooper went to the trailer park where defendant resided. The trooper approached defendant while defendant was walking from the van to his trailer, asked him if he was William La Joy and received the reply "yes"; asked him if he was driving the Volkswagen bus and the reply was "yes, I was, but you can't arrest me on my own property"; and when asked if he had hit something, the reply was in the affirmative but that he didn't know what. Upon giving that answer, the trooper placed defendant under arrest, took him to his police vehicle and read defendant his driving while intoxicated refusal rights and *Miranda* warning rights. After hearing his *Miranda* rights, defendant affirmatively stated that he did not want the service of an attorney. Shortly thereafter, he made various statements but there was one in particular to which the police attached special significance. Defendant made the spontaneous statement "that darn bike shouldn't have been in the road anyway". Prior to that time, the police had not mentioned anything about a bicycle.

In rejecting defendant's argument of a violation of his *Miranda* rights, it is appropriate to briefly examine the context within which the police were acting in this case. The police were confronted with a young girl who lay dying following a hit-and-run accident. The van that defendant was driving was unquestionably linked to the accident. The primary question for the police was the identity of the driver, who in this case was not the owner of the van. It was never the intention of the *Miranda* court to "in any way preclude police from carrying out their traditional investigatory functions" (*Miranda v Arizona,* 384 US 436, 481). The questions that the police asked of defendant prior to his actual arrest and before he was read the *Miranda* warnings were valid inquiries " 'designed to clarify the nature of the situation confronted, rather than to coerce a statement' " (*People v Johnson,* 86 AD2d 165, 168, *affd* 59 NY2d 1014, 1016, quoting *People v Huffman,* 41 NY2d 29, 34). The post-*Miranda* statement by defendant regarding the bicycle was clearly spontaneous, in that it followed a period of silence by police and was not prompted by their questions (*People v Rivers,* 56 NY2d 476, 480). We find no error in the trial court's denial, following a hearing, of defendant's motion to suppress his statements made to police, and we have no occasion to disturb it since it is supported by the record (*see, supra; see also, People v Krom,* 61 NY2d 187, 200).

We have considered defendant's remaining contentions to which he has assigned error and find no cause to disturb the judgment of conviction.

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.