■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL F. McCANN and EDDIE SOKOL, Appellants.—Mahoney, P. J. Appeals from two judgments of the County Court of Albany County (Harris, J.), rendered October 29, 1987, upon a verdict convicting defendants of the crime of grand larceny in the second degree under Penal Law former § 155.35.

In December 1986, defendants were indicted for grand larceny in the second degree under Penal Law former § 155.35 for stealing equipment belonging to the band "Stevie Ray Vaughn and Double Trouble" from the Albany County Airport on August 28, 1986. Following a trial, defendants were convicted as charged. Defendant Daniel F. McCann was sentenced to a term of incarceration of 2⅓ to 7 years and ordered to pay restitution. Defendant Eddie Sokol was sentenced to a term of incarceration of 2 to 6 years and also ordered to pay restitution. These appeals followed.[1]

Defendants argue that the indictment should be dismissed because they were denied their statutory speedy trial rights, which required the prosecution to make a statement of readiness for trial within, in this case, six months after the case was commenced (CPL 30.30 [1] [a]). We first observe that contrary to the People's argument, defendants' motions to dismiss the indictment on speedy trial grounds were brought prior to trial so that they were not untimely (CPL 210.20 [1] [g]; [2]; see, People v Lawrence, 64 NY2d 200, 205-206). Sokol's order to show cause bringing on his motion was supported by his trial counsel's affirmation, which concedes that the People announced their then-present readiness for trial at calendar calls. It is further apparent that the attorney was aware of the People's position so that the People's obligations under CPL 30.30 were satisfied (see, People v Kendzia, 64 NY2d 331, 337). Other than by conclusory allegation, there is nothing in these papers to suggest that the People's statement was made

---

1. Also indicted was Sokol's wife, Cindy Sokol, who was acquitted and, consequently, is not involved in these appeals.

in bad faith or did not accurately reflect the People's position *(see, People v Rhee,* 111 AD2d 655, 656). In the absence of a prima facie showing of Sokol's right to relief, no hearing was required on this motion, which was properly denied *(see, People v Schlessel,* 104 AD2d 501, 502).

McCann's moving papers, however, do not make a similar concession and, accordingly, he met his initial burden of showing unexcused delay in excess of the statutory period *(see, People v Santos,* 68 NY2d 859, 861). The burden then shifted to the prosecution *(supra),* which submitted an affirmation establishing that it timely announced its readiness for trial.[2] At the hearing held to resolve the factual dispute, there was proof that the People stated their readiness for trial at calendar calls in open court and that the Public Defender, who was representing McCann, was present at appropriate times. This evidence satisfied the People's burden under CPL 30.30 *(see, People v Kendzia, supra),* especially in the absence of proof that the People acted in bad faith or were not actually ready *(see, People v Rhee, supra).*

We next find no merit to defendants' suggestion, raised in various ways, that reversal is required because the People failed to disclose until the eve of trial exculpatory evidence to the effect that Robert Muniz, a participant in the crime who testified for the prosecution, was granted immunity. Although this information constitutes exculpatory information which should be disclosed *(see, United States v Bagley,* 473 US 667), our review of the record reveals that at least McCann used this information in his cross-examination of Muniz so that defendants had the information in sufficient time to use it effectively *(see, e.g., People v McAfee,* 95 AD2d 898). Furthermore, the pertinent fact was brought out before the jury so there is no reasonable probability that the late disclosure affected the verdicts and reversal is not warranted *(see, United States v Bagley, supra).*

Likewise, we reject Sokol's contentions that the verdict was

---

2. Although we are disturbed by the extreme tardiness in the People's service of their affirmation in opposition to defendants' motions, we cannot say that County Court abused its discretion in permitting service of this document *(see,* CPL 60.10; CPLR 2214 [c]; 22 NYCRR 202.8 [c]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2214:23, at 88). Since the People did serve responsive papers, albeit in an extremely tardy manner, the instant case is not like *People v Cole* (73 NY2d 957) in which the People failed to submit *any* opposition papers and thereby conceded the defendant's sworn allegations of fact in support of his CPL 30.30 motion.

inconsistent with his wife's acquittal and that he was improperly convicted by uncorroborated testimony of Muniz, an accomplice. The inconsistency argument was not raised until after the jury was discharged so that it is not preserved for appellate review *(see, People v Alfaro,* 66 NY2d 985, 987; *People v Rosado,* 143 AD2d 1061). In any event, there was independent evidence that Sokol, but not his wife, worked at the Albany County Airport and knew that the band equipment was there and unclaimed. From this evidence the jury could have concluded that Sokol was involved in the criminal conduct in a way that his wife was not, so that there was evidence that harmonized the verdicts. This evidence, together with other independent testimony concerning the storage of the equipment at Muniz's residence, further provided sufficient independent corroborative evidence tending to connect Sokol to the crime (CPL 60.22 [1]). Thus, Sokol's verdict was neither inconsistent with his wife's nor based solely on an accomplice's testimony.

Defendants also contend that they were improperly indicted, tried and convicted of grand larceny in the second degree under Penal Law former § 155.35, which required that the stolen property have a value in excess of $1,500, because of a statutory amendment raising the monetary thresholds of the larceny crimes which became effective on November 1, 1986, before defendants were indicted (L 1986, ch 515, §§ 1-3, 11). We retain authority to ensure that defendants are sentenced as required by law (CPL 470.15; *People v Jansen,* 145 AD2d 870, *lv denied* 73 NY2d 923) and conclude that defendants are entitled to the benefits of the ameliorative effect of the amendment *(People v Jansen, supra).* We see no need for a new trial, however, because our review of the record reveals that the proof was sufficient to establish the lesser included offense of grand larceny in the fourth degree under Penal Law § 155.30 (1) requiring value in excess of $1,000. In this regard, we conclude that the band production manager was sufficiently experienced in buying and selling band equipment to enable him to testify to the market value of the stolen property *(see, e.g.,* 58 NY Jur 2d, Evidence, § 702, at 352-353) and that his testimony satisfied the element requiring value to be more than $1,000. Accordingly, the judgments must be modified and the matters remitted for resentencing.

Judgments modified, on the law, by reducing the convictions of larceny in the second degree under Penal Law former § 155.35 to convictions of larceny in the fourth degree under Penal Law § 155.30 (1); matters remitted to the County Court

of Albany County for resentencing; and, as so modified, affirmed. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.