OPINION OF THE COURT
Thomas Farber, J.
Defendant moves to dismiss the prosecutor’s information *145 pursuant to CPL 30.30. I am granting the motion on default. This is the fourth time, in spite of repeated, strongly worded admonitions, that the Assistant District Attorney assigned to the case has failed to obey a court-ordered deadline. Moreover, not only has the assigned Assistant repeatedly failed to appear personally on this matter, she has repeatedly failed to have her file in court in a timely manner. She has misrepresented her readiness status in open court, and, in filing her belated response to the instant motion, continues to misrepresent both the factual history of the case and the applicable case law. Accordingly, I now take the drastic step of dismissing the case on default. Were I to decide the case on the merits, however, I would still grant defendant’s motion, since the People have exceeded the 90-day readiness period set forth in CPL 30.30 (1) (b).
BACKGROUND
Defendant was arrested on March 18, 1997, and charged in a felony complaint with assault in the second degree, Penal Law § 120.05 (4), endangering the welfare of a child, Penal Law § 260.10 (1), and criminal possession of a weapon in the fourth degree, Penal Law § 265.01 (2). The charges arise out of an incident that allegedly occurred on March 15, 1997, in which the defendant, in the course of striking a 12-year-old child with a broom handle, accidentally gouged out his right eye when the child grabbed the broom handle and defendant released it.
Defendant was arraigned on the felony complaint on March 19, 1997, but the case was not immediately presented to a Grand Jury. On April 15, 1997, when the case appeared in Part AP-1 marked “final” for Grand Jury action, the People announced that the Grand Jury had not voted an indictment, but had instead directed the People to file a prosecutor’s information. The case was adjourned to Part AP-2B for April 18, 1997.
A prosecutor’s information was not, however, filed on April 18, 1997. Indeed, the People did not even have their file in court. Since the People had not filed the prosecutor’s information, the docket appeared to be simply a reduced and uncorroborated felony. The case was therefore adjourned to May 21, 1997 for conversion to an information.
The prosecutor’s information was filed on May 6, 1997, together with a statement of readiness, dated May 1, 1997. When the case again appeared on the Part AP-2B calendar, the defense was ordered to file motions by June 9, 1997. The *146 People were given until June 30, 1997 to respond. The case was adjourned to July 7, 1997 for decision.
Defendant’s motion papers were served and filed on June 10, 1997 — one day late. The People, however, did not respond within the three-week period allotted. Indeed, they had not responded on July 7, 1997 when the case again appeared on the Part AP-2B calendar. To compound the matter the People’s file was again not in court, and the Assistant District Attorneys in the Part did not know to whom the case was assigned.
In order to expedite matters, I ordered the People to provide the discovery that would usually be provided pursuant to “discovery by stipulation.” I further ordered the People to provide a copy of the victim’s videotaped statement (which, according to the defense, exonerated the defendant) and to respond to the bill of particulars. The People were ordered to provide this information by July 18, 1997 and the case was put over to July 24, 1997 for trial. The People were warned that in light of their failure to respond to motions they risked suppression of critical evidence.
In spite of this warning, the People provided nothing to the defense or to the court on July 18, 1997. Instead, the People waited until the next date the case was calendared, July 24, 1997, and then served and filed their response to motions. The videotape had still not been provided, and there was no explanation for this failure. The People were again warned, in no uncertain terms, that this continued failure to adhere to the court’s directives might result in sanctions. The case was adjourned to September 5, 1997.
On September 5, 1997 the People again answered not ready for trial. The videotaped statement, which the People had been ordered to provide by July 18, 1997, had not been provided until August 28, 1997, some 41 days late. There was, again, no explanation for this failure. Moreover, although I had clearly indicated on the prior date that I was adjourning the case for trial, the People claimed not even to know that the case was on for trial.
The People requested one week to be ready. For the third time, I threatened the People with sanctions for their repeated failure to respond timely to my discovery orders. The case was adjourned to September 9, 1997.
On the morning of September 9, 1997 the People answered ready for trial in open court. As in every prior adjournment, the assigned Assistant did not appear, leaving it to the *147 calendar Assistant to inform the court of the People’s readiness based upon notes attached to the file. At the time, Part AP-2B was on trial in another matter, so the case was sent to Part Jury 2.
In light of the assigned Assistant’s repeated failure to appear on the matter, defense counsel requested that I not send the case out to trial until we had seen the assigned Assistant. I declined, but promised that if the People were not in fact ready, I would “certainly grant sanctions.”
The case was sent to Part Jury 2 at 12:00 p.m. Shortly thereafter, the court was informed that the assigned Assistant would not be available at 12:00 p.m., but would be there by 2:15 p.m. At 2:15 p.m., however, the People announced that, contrary to all prior advice, they were not ready to proceed. Indeed, the assigned Assistant was ill and had not come to work that day. The calendar Assistant informed the court that the assigned Assistant had a “double ear infection,” which perhaps adequately explained her failure to be ready. It did not explain, however, why the People had answered ready in the morning without informing the court or defense counsel that the assigned Assistant had not even shown up for work. For the fourth time, I chastised the People for their failure to respond to deadlines, and for the misrepresentation of their readiness status to me on the record. Yet, in spite of my promise that “I will certainly grant sanctions,” I reserved decision. The case was adjourned to September 19, 1997 with time charged to the People until a statement of readiness was served and filed.
No statement of readiness was filed, and the People in fact answered not ready again on September 19, 1997 stating that the assigned Assistant was on trial. The case was adjourned to October 17, 1997, again with the notation that the People would be charged until a statement of readiness was served and filed.
On October 17, 1997 the case was called in the morning. The People’s file was once again not in court. There was no indication whether the People were ready. The assigned Assistant was called at home. She had apparently been working the evening before and had forgotten the case was on for trial. I told the People that if they were not ready for trial the case would be dismissed. The People said they would be ready by the afternoon. The case was adjourned.
The assigned Assistant appeared in the afternoon. The case had been on in Part AP-2B nine separate times over a five-month period. Yet this was the first time the assigned Assistant *148 appeared in the Part By 2:15 p.m., there were no jurors available. The case was adjourned to October 20, 1997 for trial.
On October 20, 1997 the defense filed the instant motion. The People were given until November 3, 1997 to reply. The case was put on in Part AP-2B on November 7, 1997 for decision.
On November 7, 1997 the People served their response to the defendant’s motion, having failed once again to respond within the time period provided by the court.
DECISION
As I stated several times on the record in this case, I believe that justice is best served when cases are decided on the merits. In Criminal Court, where overburdened courts decide cases handled by overburdened lawyers and overburdened Assistant District Attorneys, the niceties of corporate practice are not always followed. Extensions of time to file motions and to respond to motions are liberally granted, and some lapses, both on the part of the People and defense counsel, are overlooked.
I cannot, however, view the conduct of the assigned Assistant in responding late to the instant motion to be an isolated lapse. It is, rather, only the latest instance of a long and uninterrupted history of blatant disregard for court directives that borders on the contemptuous. The People were ordered to respond to the omnibus motion on June 30, 1997 (or July 1, 1997 since defendant’s motions were filed a day late). They had not responded by July 7, 1997. Then the People were ordered to respond (or provide information in lieu of a response) by July 18, 1997. The People did nothing on July 18, 1997, waiting until July 24, 1997 to respond. By July 24, 1997 when the People finally responded, they had still not provided the videotaped copy of the statement. The statement was not provided until August 28, 1997. No explanation was ever made for this failure.
The People answered ready for trial when they were not in fact ready to proceed on September 9, 1997, causing the defendant, her lawyer and a Judge to waste most of an entire day. In the affirmation filed in opposition to the instant motion, the assigned Assistant continues shamelessly to assert the People’s prior readiness on at least two dates (Apr. 18, 1997 and July 24, 1997), when the transcript of the proceedings reflects that the People were not in fact ready. The assigned Assistant consistently failed to appear in court, to send her file, to court, or to provide meaningful information to the calendar Assistant.
*149 The People were warned every time the case appeared on my calendar after July 7, 1997 that they faced sanctions for their failure to adhere to court directives. The People continued to ignore these warnings, most likely believing that I would not dismiss a case where the injuries were this significant. On several occasions the People successfully tested this proposition, and I refused to grant sanctions, even though I had previously stated that I would grant sanctions. Now the People have again decided to see if a court-imposed deadline is really a court-imposed deadline. It is. The People’s response to defendant’s CPL 30.30 motion is rejected as untimely, the defense motion is granted, and the case is dismissed. (See, People v Cole, 73 NY2d 957, 958 [1989].)
Were I to determine the CPL 30.30 motion on the merits, however, I would still dismiss the case, since I find that the People have exceeded the 90-day speedy trial period provided by CPL 30.30 (1) (b) and (5) (c).
CPL 30.30 (5) (c) governs prosecutor’s informations. That section provides, insofar as relevant here: “where a criminal action is commenced by the filing of a felony complaint, and thereafter, in the course of the same criminal action either the felony complaint is replaced with or converted to an information, prosecutor’s information or misdemeanor complaint pursuant to article 180 or a prosecutor’s information is filed pursuant to section 190.70, the period applicable for the purposes of subdivision one must be the period applicable to the charges in the new accusatory instrument, calculated from the date of the filing of such new accusatory instrument” (emphasis supplied). Since the top charge contained in the prosecutor’s information is a class A misdemeanor, the applicable period is 90 days from the filing of the prosecutor’s information. (CPL 30.30 [1] [b].)
Although the instant information is on its face a prosecutor’s information which the District Attorney was directed to file by the Grand Jury pursuant to CPL 190.70, and therefore governed by the explicit terms of CPL 30.30 (5) (c), the People take the extraordinary position that the applicable time period is six months. In support of this argument, the People cite, and attach to their motion papers, People v Tychanski (78 NY2d 909 [1991]). This is remarkable, since Tychanski directly contradicts the argument advanced by the People.
Tychanski (supra) dealt with the period of time applicable to a misdemeanor indictment, a pleading not covered by CPL 30.30 (5) (c). The Court of Appeals held that since CPL 30.30 (5) (c) did not mention misdemeanor indictments, and because *150 the defendant had been arraigned on a felony complaint, the applicable period would be the six-month period of CPL 30.30 (1) (a). In so holding, however, the Court of Appeals took great pains to distinguish misdemeanor indictments from the type of pleading at issue here — prosecutor’s informations — and the other pleadings governed by the explicit language of CPL 30.30 (5) (c). Only because the action in Tychanski “was commenced by defendant’s arraignment on a felony complaint, and because CPL 30.30 (5) (c) is inapplicable,” did the People have six months to be ready for trial. (Supra, at 912 [emphasis supplied].)
The CPL 30.30 period thus began upon the filing of the prosecutor’s information on May 6, 1997. The People also filed with the information a statement of readiness for trial, dated May 1. I reject this statement as illusory. Even if the People could be ready prior to the filing of the instrument upon which they were announcing ready,[1] it is clear that the People were not in fact ready to proceed. Not only were the People not ready for trial on every date the case was called for trial between April 18, 1997 and October 17, 1997, it appears that as late as July 7, 1997 there may have been no Assistant assigned to the case. Since there was no bona fide statement of readiness, the People are charged with the time from May 6, 1997 to May 21, 1997.
The time period from May 21,1997 to June 10,1997 (defense motions) is excludable pursuant to CPL 30.30 (4) (a). The time initially provided for response (June 10,1997 to June 30, 1997) is also excludable, plus one day because defendant’s papers were late.
The People contend that the entire period it took them to respond to motions would also be excludable, since “the 45 day time period in which the People prepared a response to defendant’s motions was reasonable, and therefore, should be excluded.” In support of this position, the People cite People v Inswood (180 AD2d 649 [2d Dept 1992] [holding, without elaboration, that a 64-day period was reasonable where the delay was caused by defendant’s motion]). The instant case, however, is more like People v Owens (209 AD2d 549, 550 [2d *151 Dept 1994]), where the Court held that the time would be chargeable to the People because “the People impeded the commencement of the trial by failing to respond to the defendant’s omnibus motion for an unreasonable period beyond that provided by the court, without explanation, which prevented the court from making crucial pretrial determinations”.
The motions in this case were routine omnibus motions. The People were initially given three weeks to respond — a period substantially in excess of the period provided in the Civil Practice Law and Rules. (See, CPLR 2214.) The People’s response, when filed, was eight pages, most of which was boilerplate. No explanation for the lateness of the response was provided at the time, and none has been provided since. Under these circumstances, the time from July 1, 1997 (June 30, 1997 plus one day because the defense motion was filed a day late) to July 24, 1997, a period of 23 days, is includable.
The case was adjourned from July 24, 1997 to September 5, 1997 for trial. The People apparently argue that this time is excludable because they answered “ready” on July 24, 1997. This is simply false, since the transcript of the proceedings clearly shows that the People announced that they were not ready for trial on July 24, 1997. The People did not file a statement of readiness at any time between July 24, 1997 and September 5, 1997. The defense never consented to the adjournment. Thus, this period is includable.[2]
The periods from September 5, 1997 to September 9, 1997, from September 9, 1997 to September 19, 1997, and from September 19, 1997 to October 17, 1997 are includable, since at no time did the People answer ready. These periods, totaling 42 days, are not in dispute.
Accordingly, the People are chargeable with the following periods, totaling 123 days: May 6, 1997 to May 21, 1997 (15 days); July 1, 1997 to July 24, 1997 (23 days); July 24, 1997 to September 5, 1997 (43 days); and September 5,1997 to October 17, 1997 (42 days). Therefore, even were I to accept the *152 untimely response of the People, the case would still have to be dismissed pursuant to CPL 30.30.

. The Court of Appeals in People v Goss (87 NY2d 792 [1996]) clearly held that the People could be ready prior to arraignment on an indictment. It does not seem to follow, however, that the People can be ready prior to the filing of an indictment or information. (Cf., People v Benson, 203 AD2d 658 [3d Dept 1994] [statement of readiness dated prior to indictment sufficient where hearing showed that actually served and filed along with indictment].)

. The long adjournment was necessitated by court congestion in August. Had the People given a bona fide answer of readiness for trial prior to this adjournment, one could argue that this adjournment would not be chargeable as this would be a postreadiness court adjournment. (See, e.g., People v Cortes, 80 NY2d 201, 210 [1992].) Here, however, the People were clearly never ready for trial, having failed to answer ready on July 24, and again on the three subsequent adjournments (Sept. 5, 9 and 19). Moreover, the People did not request a shorter adjournment and never filed a statement of readiness between July 24 and October 17.