People v Lora (2019 NY Slip Op 08478)





People v Lora


2019 NY Slip Op 08478


Decided on November 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2019

Acosta, P.J., Richter, Mazzarelli, Webber, Kern, JJ.


10135 1563/15

[*1] The People of the State of New York, Appellant,
v
Anthony Lora, Defendant-Respondent.


Darcel D. Clark, District Attorney, Bronx (Paul A. Andersen of counsel), for appellant.
Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel) and Milbank LLP, New York (Will B. Denker of counsel), for respondent.



Order, Supreme Court, Bronx County (Ralph Fabrizio, J.), entered on or about December 6, 2017, which granted defendant's speedy trial motion and dismissed the indictment, reversed, on the facts, and the matter remanded for consideration of defendant's CPL 30.30 motion.
Under all the circumstances, the court improvidently exercised its broad discretion over calendar matters when it refused to accept the People's untimely opposition papers and refused to reconsider its decision to grant defendant's motion as unopposed. Defendant was arrested on May 13, 2015 and arraigned on a felony complaint. He was indicted five days later on charges of criminal possession of a weapon in the second degree (Penal Law § 265.03[3]) and criminal possession of a firearm (Penal Law § 265.01-b[1]), both felonies, as well as a misdemeanor, criminal possession of weapon in the fourth degree (Penal Law § 265.01[1]). The indictment was filed on June 3, 2015. The People assert that they filed and served a statement of readiness on June 4, 2015. Defendant was arraigned on the indictment 13 days later, on June 17, 2015.
Thereafter, there were adjournments for motion practice, a motion by the People to compel the production of DNA evidence, an adjournment for defendant to obtain new counsel, and adjournments due to defendant's failure to appear, which ultimately resulted in a bail jumping indictment. During this period of approximately two years, there were periods when the People stated that they were ready to proceed to trial as well as periods when they stated that they were not ready to proceed. On or about October 30, 2017, defendant moved pursuant to CPL 30.30(1)(a) and 210.20(1)(f) to dismiss the indictment on speedy trial grounds, arguing that more than six months chargeable to the People had elapsed since the commencement of the action. The People's opposition papers were due November 21, 2017, and the case was adjourned to December 6, 2017 for the court's decision on the motion. The People did not file any opposition until December 6, 2017, the same day the matter had been calendared for decision. That the People failed to request an extension to file their response is undisputed. However, defense counsel acknowledges that the assigned Assistant District Attorney contacted him prior to the date for response and informed him that he would be requesting an adjournment. The contact was by text message with the Assistant requesting counsel's email so he could email the court and request an extension of time. The People do not argue, as suggested by the dissent, that they thought they had included the court in an email requesting an adjournment. Rather, they concede that while apparently inadvertent, no request for an adjournment was made to the court.[FN1]
When the parties appeared in court on December 6, 2017, defense counsel informed the court that the assigned Assistant District Attorney had advised him that the People's opposition papers had been filed that day. However, neither the court nor defense counsel had received a copy of the opposition papers. The court responded, "I have a decision. I have no response. It's granted on default."
The court explained that "when the case is on for decision and I have to write a decision and I hear nothing, my assumption is the DA is conceding the 30.30 and why would I hold up writing a decision if I don't have any reason. I can't operate in the dark on this and no Court should ever have to operate that way."
When asked by the court if he had received a copy of the response, defense counsel stated that he had seen the assigned Assistant that day and was informed that the Assistant was on trial but that the response had been filed that day and a copy would be handed to him in court. Later in the colloquy with the court, defense counsel related the prior text message communication with the assigned Assistant. The court stated that it did not have a copy of the response and had completed the decision the night before after not having any contact with the Assistant District Attorney. The court noted that the motion had been pending since October 2017 and there had not been any contact with the People.
Prior to setting an adjourn date for the bail jumping indictment, the People asked for time to file a motion to reconsider the CPL 30.30 dismissal of the indictment. The People also asked that the court accept the late filing of the opposition to defendant's CPL 30.30 motion. The court denied both applications by the People.
In its written decision, dated December 6, 2017, the court stated that defendant had identified 204 days that the People were not ready for trial, and by failing to respond, the People had failed to meet their burden to contest the allegations. The court also noted that the People had failed to indicate prior to the decision date that they needed additional time to respond.
Clearly, trial courts have considerable discretion in administering litigation and managing their dockets (People v Brewer, 91 NY2d 999 [1998]). We agree with the dissent that parties are obligated to honor court-imposed deadlines. However, it is also axiomatic that justice is best served when cases are decided on the merits. Indeed, in People v McCann (149 AD2d 814, 815 n 2 [3d Dept 1989], lv denied 74 NY2d 747 [1989], 74 NY2d 743 [1989]), the Third Department, while acknowledging that it was "disturbed by the extreme tardiness in the People's service of their affirmation in opposition," nonetheless concluded that the motion court had not abused its discretion in accepting and considering the late filing by the People.[FN2]
Here, the People sought to file their opposition papers on the decision date, some 15 days after the due date. This was not the situation in People v Cole, 73 NY2d 957 [1989], which was cited by the motion court, where the People failed to submit any opposition papers. Further, there is nothing in the record to suggest that there was any history of dilatory conduct or a blatant disregard of court directives on the part of the People. Rather, this appears to be an isolated lapse.
While we are certainly cognizant of the frustration occasioned by the failure of the People to adhere to the motion schedule, summarily granting the defense motion to dismiss without considering the merits of the response the People had prepared was improper. As the People argue, the charges here are serious. Defendant was indicted on numerous weapons possession charges. Dismissal of those charges without a full and complete determination of the motion to dismiss on its merits was unduly harsh. Less drastic remedies, including charging the People for [*2]the 15-day delay, were available (see People v Commack, 194 AD2d 619 [2d Dept 1993]). As was noted by the Court of Appeals,
"[N]ot every postreadiness default by the People not generated by exceptional circumstances or resulting from action of the defendant will permit a Trial Judge to dismiss the criminal action. There is no inherent power to dismiss and the purposes motivating enactment of CPL 30.30 do not mandate posteadiness dismissal when a lesser sanction is available (People v Anderson, 66 NY2d 529, 537 [1985]
[internal citation omitted])."
Further, the additional time that would have been necessary for a full determination of the motion by the court would not have resulted in any prejudice to defendant, as he was not incarcerated on the weapons indictment and was awaiting trial on the bail jumping indictment.
All concur except Acosta, P.J. and Kern, J. who dissent in a memorandum by Acosta, P.J. as follows:




ACOSTA, P.J. (dissenting)


I dissent because in order for trial parts to function effectively, parties are obligated to honor court-imposed deadlines (see Miceli v State Farm Mut. Auto Ins. Co., 3 NY3d 725, 726 [2004] [deadlines "are not options, they are requirements, to be taken seriously by the parties"]). Concomitantly, "[t]rial courts have considerable discretion in administering litigation and in managing their dockets" (People v Brewer, 91 NY2d 999, 1000 [1998]). Here, the court, in the proper exercise of its discretion, advised the parties that it would not entertain a request for an extension of time for a response to a motion if the request was made on the date designated for decision on the motion. Specifically, December 6, 2017, the court stated, "I made it very clear that I do not, on the day that a decision is on, I make it very clear if the DA needs more time they can't come in on the day of the decision and say, I need more time." Significantly, neither party disputed this statement [FN3]. Notwithstanding the court's rule, the People sought to respond to defendant's CPL 30.30 motion 15 days late, on the date designated by the court for a decision on the motion. In my opinion, the People defaulted on the motion, and accordingly, the court properly dismissed the indictment (People v Cole, 73 NY2d 957 [1989).
Defendant was arrested on May 13, 2015 and arraigned on a felony complaint. He was indicted five days later on felony weapons charges. The indictment was filed June 3, 2015, and [*3]the People assert that they filed and served a Statement of Readiness on June 4, 2015.[FN4] Defendant was arraigned on the indictment 13 days later, on June 17, 2015. Thereafter, there were multiple adjournments for various reasons.
On or about October 30, 2017, defendant moved pursuant to CPL 30.30(1)(a) and 210.20(1)(f) to dismiss the indictment on speedy trial grounds, arguing that 204 days chargeable to the People had elapsed since the commencement of the action. The People's opposition was due November 21, 2017. However, they did not file any opposition until December 6, 2017, the same day the matter had been calendared for decision.
When the parties appeared in court that day, defense counsel informed the court that the assigned ADA had advised him that the People's opposition was filed that day. However, neither the court nor defense counsel had received a copy of the opposition, and the court responded, "I have a decision. I have no response. It's granted on default."
The stand-in ADA attempted to provide the court and counsel with courtesy copies of the opposition and requested a "reprieve" for the court to consider "the People's very tardy" opposition. The court refused, stating that it had already rendered its decision. The court further stated that it had drafted the decision the previous night without having received any opposition or any communication from the People seeking an extension of time or permission to file a late response. Further, the court explained that while it would generally grant extensions in advance, even over defense counsel's objection, "I make it very clear if the DA needs more time they can't come in on the day of the decision and say, I need more time." The court further explained that "when the case is on for decision and I have to write a decision and I hear nothing, my assumption is the DA is conceding the 30.30 and why would I hold up writing a decision if I don't have any reason. I can't operate in the dark on this and no Court should ever have to operate that way."
In the written order, the court determined that defendant had identified 204 days that the People were not ready for trial, and by failing to respond, the People had failed to meet their burden to contest the allegations. I agree with the trial court for various reasons.
First, where a felony is charged, the People must be ready for trial within six months of the commencement of the criminal action, less excludable periods, or the indictment must be dismissed upon defendant's motion (CPL 30.30[1][a]). A default in responding to a CPL 30.30 motion to dismiss requires dismissal of the indictment (see People v Cole, 73 NY2d at 957). Here, the People defaulted on the defendant's CPL 30.30 motion, and the court acted within its authority to dismiss the indictment (Cole, 73 NY2d at 957).
Moreover, based on the facts of this case, it cannot be said that the court abused its discretion in refusing to accept the People's untimely opposition and granting the motion as unopposed (see People v Brewer, 91 NY2d 999 [1998]), as the majority suggests. The record indicates that the Assistant handling the matter had contacted the defense by text and asked for an email address, stating that he was going to seek an adjournment. The Assistant claimed that he was of "the impression . . . that he included [the judge]'s chambers in that [text]." The record demonstrates clearly, however, that no request was made.
The court checked its emails from the assigned ADA and confirmed that it had never received any such request. As the court explained, when it had not heard from the People by the night before the scheduled decision day, at which it was to issue a written order, it deemed them to have conceded the motion (see People v Walsh, 176 Misc 2d 144, 148-149 [Crim Ct, Kings County 1997] [rejecting as untimely the People's opposition to CPL 30.30 motion not served until scheduled decision day and granting motion where People had three times previously failed to adhere to court's deadlines despite warnings]).
The majority's reliance on language in People v Anderson (66 NY2d 529 [1985]) is misplaced inasmuch as the court dismissed the indictment in the instant case on the People's [*4]failure to answer, not on any arguments the People may have had to excuse any postreadiness delays.
It should also be noted that the People failed to provide, in their appendix, transcripts of the relevant court appearances necessary to determine whether defendant's speedy trial rights were violated. While the People conceded in their untimely opposition that 39 days were chargeable to them, the underlying dispute involves 165 additional days. Significantly, however, the People's appendix does not include transcripts of court appearances that are necessary to determine whether the contested days are chargeable to them, and no transcripts have been received by this Court. Incredibly, the People assert that in addition to two transcripts not relevant to the contested days, they are relying on their file and the facts presented in the motion and their opposition. However, it is precisely the conflicting recitations of those facts that are at the heart of the dispute as to whether defendant's speedy trial rights were violated. On appeal, the People fail to offer record material supporting their contention that defendant's motion should have been denied on the merits.
Last, since the motion was granted on default, the majority's insistence that there would be no prejudice to defendant is irrelevant.
Accordingly, in my opinion, the order on appeal should be affirmed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2019
DEPUTY CLERK



Footnotes

Footnote 1:While the dissent points to a statement by the judge in the transcript of the December 6, 2017 proceedings that he had made it "very clear if the DA needs more time they can't come in on the day of the decision and say, I need more time," it is unclear as to when and specifically to whom this was made very clear. Additionally, it is somewhat of a stretch to refer to this statement as a court rule.

Footnote 2: In McCann, the Court specifically distinguished People v Cole (73 NY2d 957 [1989]), noting that in Cole, the People failed to submit any opposition papers (149 AD2d at 815 n 2).

Footnote 3: The majority makes light of this statement by asserting that "it is unclear as to when and specifically to whom this was made very clear." As noted above, however, neither party disputed this statement. The majority also claims that it is a "stretch to refer to this statement as a court rule." I am baffled by this argument. Although it may not be a rule codified in a rule book, in the motion judge's part, it certainly was his rule. 

Footnote 4: The original record contains a Notices & Voluntary Disclosure Form, dated June 1, 2015, and stating that the People were ready for trial.