■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN WASHINGTON, Appellant.—Kane, J. P.

A review of the record supports County Court's denial of defendant's suppression motion. Initially, the record clearly indicates that the conversation between defendant and Officer Cathy Evans was noncustodial in nature. Officer Evans simply responded to the scene of a traffic accident and conducted appropriate inquiry. Secondly, following his arrest, defendant was given his rights and voluntarily waived those rights. In fact, defendant himself admitted at trial that he consented to the making of the videotape and to taking the breathalyzer test. The record, including defendant's own testimony, does not support his contention on appeal that he was too intoxicated to knowingly waive his rights.

The verdict is adequately supported by the record and we perceive no reason to disturb defendant's sentence (see, People

*v Dittmar,* 41 AD2d 788). We note that County Court sentenced defendant to concurrent terms in county jail and allowed him to continue his education by granting permission for his release to attend classes at Corning Community College. The judgment should be affirmed.

Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.