■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TOMMY G. McCLANEY, Respondent.—Kane, J. P. Appeal from an order of the County Court of Albany County (Turner, Jr., J.), entered June 3, 1987, which granted defendant's motion to suppress evidence.

Defendant was indicted on two counts of operating a motor vehicle while under the influence of alcohol, as a felony (Vehicle and Traffic Law § 1192 [2], [3]). The charges arose from defendant's alleged conduct on August 13, 1986 at ap-

proximately 7:55 P.M. on Wheeler Road in the Town of Bethlehem, Albany County. In due course, defendant moved to suppress oral statements he made to the police. After conducting a suppression hearing, County Court granted the motion and this appeal by the People ensued. We reverse and deny the motion to suppress.

At the suppression hearing, Bethlehem Police Officer Stephen Demarest testified that between 7:00 P.M. and 8:00 P.M. on August 13, 1986, he received a radio transmission from his dispatcher regarding a disabled vehicle off Wheeler Road. Demarest proceeded to the scene where he observed an automobile stuck in a cornfield in a pile of cow manure. After Demarest checked the vehicle, he went approximately 500 yards across the street to Samaritan Shelter, the origin of the call to the police dispatcher. Defendant was standing alone in the parking lot of the shelter; Demarest accordingly approached defendant and asked him about the vehicle. Defendant replied that he had been looking for a place to get corn and got stuck in the cornfield. Defendant and Demarest then proceeded in the police vehicle to defendant's car. On the way to the cornfield, defendant kept repeating that he was down there to buy corn and got stuck in the manure.

When they arrived at defendant's vehicle, Demarest read defendant his *Miranda* rights and placed him under arrest. Although defendant kept interrupting Demarest while his rights were being given, defendant indicated that he understood his rights. Demarest drove defendant to the police station. During the brief trip, defendant continued to explain that "he was trying to get corn for his children" and "that he was a man because he could have just left the scene".

Officer Theodore Wilson testified that while he was processing defendant, he asked defendant where he had been and where he was going. In response, defendant told Wilson that he was coming from visiting his brother at the hospital, he stopped at a liquor store, bought two quarts of blackberry brandy, drank the brandy, and was trying to get some corn when he got stuck.

Defendant testified at the suppression hearing that he was a passenger in the subject car which was driven by his friend, Alvin. He stated that they were trying to buy some corn when they got stuck. After defendant and Alvin were unable to hitch a ride, Alvin started walking down the road to get help while defendant walked over to Samaritan Shelter to "report" the incident. Defendant stated that shortly thereafter, the police arrived and he and Demarest drove to the scene.

Defendant admitted to Demarest that he had been drinking. Defendant was then placed under arrest. In his testimony, defendant indicates that he repeatedly informed the police that he was not driving the car.

In our opinion, the above testimony does not provide a sufficient basis for County Court's conclusion that the pre-*Miranda* statements were the result of custodial interrogation *(see, People v Washington,* 124 AD2d 937; *People v Aia,* 105 AD2d 592, 593). Defendant's initial statements were made in response to Demarest's inquiry as to whose car was disabled and how it got that way. Further, defendant testified that he perceived that he was free to leave during the parking lot conversation.

In any event, the initial statements in the parking lot were not the result of police interrogation *(see, People v Palmiere,* 124 AD2d 1016; *People v La Joy,* 109 AD2d 916, 918), and the statements in the car were not the result of interrogation but were spontaneous statements unprompted by any inquiry *(see, People v Stroman,* 118 AD2d 1006, *lv denied* 68 NY2d 672). Additionally, the record does not support County Court's conclusion that defendant was too intoxicated to make a voluntary statement *(see, People v Adams,* 26 NY2d 129, 137, *cert denied* 399 US 931; *People v Saplin,* 122 AD2d 498, 499, *lv denied* 68 NY2d 817). Demarest testified that defendant appeared to understand his rights and both officers testified that defendant's speech was understandable. Moreover, defendant never testified that he was too intoxicated to understand.

Finally, we note that the record clearly indicates that defendant's arrest was based upon probable cause. Accordingly, the order must be reversed and the motion to suppress denied.

Order reversed, on the law and the facts, motion denied, indictment reinstated and matter remitted to the County Court of Albany County for further proceedings not inconsistent herewith. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.