**Anthony COONS, Sr., Plaintiff–Appellee,**

v.

**Steven F. CASABELLA, Defendant–Appellant.**

No. 00–9503.

United States Court of Appeals, Second Circuit.

Argued Jan. 14, 2002.

Decided March 25, 2002.

Edward J. Lindner, Assistant Solicitor General, (Eliot Spitzer, Attorney General of the State of New York, Peter H. Schiff, Senior Counsel, on the brief), Albany, NY, for Defendant–Appellant.

Kevin A. Luibrand, Tobin & Dempf, LLP, Albany, NY, for Plaintiff–Appellee.

Before: WALKER, Chief Judge, CABRANES and STRAUB, Circuit Judges.

JOHN M. WALKER, JR., Chief Judge.

Defendant-appellant Steven F. Casabella appeals from that part of the October 19, 2000 order of the United States District Court for the Northern District of New York (David N. Hurd, *District Judge*) that denied his motion for summary judgment on plaintiff-appellee Anthony Coons, Sr.'s claim, brought pursuant to 42 U.S.C. § 1983, for false arrest. Casabella contended that because probable cause existed to issue an appearance ticket to Coons for driving while intoxicated, he was entitled to qualified immunity and a dismissal of the false arrest claim. Although the district court granted Casabella's motion for summary judgment dismissing all of Coons's other claims, from which no appeal has been taken, the district court rejected Casabella's motion to dismiss the false arrest claim. The district court found that questions of material fact existed as to whether Casabella had probable cause or even arguable probable cause to make the arrest.

## BACKGROUND

Although some facts are disputed as will be noted, the undisputed facts are as follows. At about 1:15 A.M. on January 27, 1997, Coons drove his pickup truck off the road and into a telephone pole. Leaving his truck partially on the road, Coons walked to his brother's house. His brother drove him to the hospital, where his injuries were treated. After Coons was released from the hospital, still in the early morning hours of January 27, he was questioned by Casabella, a New York state trooper. Coons told the officer that he had driven his pickup truck off the road and into a telephone pole, and admitted that prior to the accident he had consumed "three beers, maybe three, three and a half" and that he had not consumed any alcohol after the accident. Casabella administered several field sobriety tests to Coons in the emergency room waiting area. The parties dispute Coons's performance on these tests.

After administering the tests, Casabella issued Coons a desk appearance ticket for driving while intoxicated, in violation of N.Y. Veh. and Traf. Law § 1192, returnable to the Town Court of Athens on February 5, 1997. Coons was also ticketed for failing to wear a seatbelt and improper lane usage. Upon the issuance of the tickets, Coons asked for and was administered a blood test. All of the charges against Coons were ultimately dismissed.

Coons brought this action under 42 U.S.C. §§ 1983 and 1988, alleging that the issuance of the tickets constituted a denial of due process of law, an unlawful search and seizure, a denial of equal protection,

an unlawful imprisonment, a malicious abuse of process, a malicious prosecution, and a false arrest. When Casabella moved for summary judgment, Coons contested the motion only with respect to the false arrest claim. Coons argued, and the district court agreed, that material issues of fact existed as to whether Casabella had probable cause or, as was necessary to afford Casabella qualified immunity, arguable probable cause when he issued the appearance ticket to Coons for driving while intoxicated.

On appeal, Casabella urges reversal of the district court's denial of summary judgment on the basis of qualified immunity for false arrest. Casabella claims that under New York law and under either the undisputed or plaintiff's version of the facts, he had probable cause to charge Coons with driving under the influence or, at the least, that he had arguable probable cause because reasonably competent police officers could disagree on this point. Because we find that Casabella had arguable probable cause and, moreover, believe that the district court further erred by imposing on Casabella a heightened duty of investigation, we reverse.

## DISCUSSION

### I. Appellate Jurisdiction

 As an initial matter, we are unpersuaded by Coons's claim that this court lacks jurisdiction. Specifically, Coons claims that the denial of summary judgment is not immediately appealable because the district court found that there were disputed issues of fact. Although Coons is correct that a denial of summary judgment on the basis of qualified immunity may not be immediately appealable where factual issues as opposed to legal issues remain, *Johnson v. Jones*, 515 U.S. 304, 313–18, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995); *Golino v. City of New Haven*,

950 F.2d 864, 868 (2d Cir.1991); *Kaminsky v. Rosenblum*, 929 F.2d 922, 926 (2d Cir. 1991), the fact that the district court has found certain factual issues in dispute does not foreclose the appeal. "Even where the lower court rules that material disputes of fact preclude summary judgment on qualified immunity, we may still exercise interlocutory jurisdiction if the defendant ... contends that he is entitled to qualified immunity even under plaintiff's version of the facts." *Tierney v. Davidson*, 133 F.3d 189, 194 (2d Cir.1998); *accord Martinez v. Simonetti*, 202 F.3d 625, 632 (2d Cir.2000); *Behrens v. Pelletier*, 516 U.S. 299, 313, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996) ("*Johnson* permits [a defendant in a § 1983 action] to claim on appeal that all of the conduct which the District Court deemed sufficiently supported for purposes of summary judgment met the ... standard of 'objective legal reasonableness.'"). Because Casabella bases his appeal "on undisputed facts or plaintiff's version of the facts," we have jurisdiction.

### II. Qualified Immunity

 We review *de novo* the district court's denial of summary judgment on the ground of qualified immunity. *Cerrone v. Brown*, 246 F.3d 194, 198 (2d Cir.2001). A police officer is entitled to qualified immunity in making arrests where "(1) his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was 'objectively reasonable' for him to believe that his actions were lawful at the time of the challenged act." *Id.* at 199 (citations and internal quotation marks omitted). Because the right to be free of arrests made without probable cause was clearly established at the time the appearance ticket was issued to Coons, *Martinez*, 202 F.3d at 634 (collecting cases), this appeal turns on whether Casabella's probable

cause determination was objectively reasonable. Casabella's determination that Coons was driving while intoxicated would be objectively reasonable, and thus qualified immunity would be appropriate, if Casabella had arguable probable cause, that is, if "officers of reasonable competence could disagree on whether the probable cause test was met." *Lennon v. Miller*, 66 F.3d 416, 423–24 (2d Cir.1995).

In the instant case, Casabella's determination that probable cause existed easily meets the objectively-reasonable test. Based on the plaintiff's own version of the facts, at the time Casabella issued the tickets, he knew the following: that Coons had been involved in a single-car accident in which he drove his pickup truck off the road and into a telephone pole in the early morning hours; that Coons had consumed at least three beers that evening; and that Coons had consumed no alcohol after the accident. As Casabella points out, the New York Court of Appeals and several lower state courts have found in similar circumstances that probable cause existed to make an arrest for driving while intoxicated. *See, e.g., People v. Ladd*, 89 N.Y.2d 893, 653 N.Y.S.2d 259, 675 N.E.2d 1211, 1213 (N.Y.1996) (finding "reasonable grounds" to believe defendant had been driving while intoxicated where a driver had consumed alcohol, had driven across the center lane in fog at a high speed, and had collided head-on with another car); *People v. McClaney*, 135 A.D.2d 901, 902–03, 521 N.Y.S.2d 894, 895–96 (3d Dep't 1987) (finding that "the record clearly indicates that defendant's arrest was based upon probable cause" where he drove his car off the road and into a cornfield and then admitted to the arresting officer that he had been drinking); *People v. Hall*, 91 A.D.2d 1002, 1002–03, 457 N.Y.S.2d 580, 580–81 (2d Dep't 1983) (per curiam) (finding that the police had probable cause for arrest where a car was driven off the road

and into a tree, the driver smelled of alcohol, and an empty bottle of vodka was found in the car), *aff'd*, 61 N.Y.2d 834, 473 N.Y.S.2d 959, 462 N.E.2d 136 (N.Y.1984). Given the circumstances of this case, "a rational jury could *not* find that the officer['s] judgment was so flawed that no reasonable officer would have made a similar choice." *Lennon*, 66 F.3d at 424–25 (emphasis in original). Thus it was error for the district court to deny Casabella's motion for summary judgment on qualified immunity grounds.

■ Coons argues that material facts concerning the circumstances of his arrest warranted the district court's denial of summary judgment. We disagree. First, the district court faulted Casabella for failing to ask medical personnel about Coons's condition and the extent of his injuries, and to otherwise investigate the circumstances of the accident, because he could have uncovered facts that might have affected Coons's performance on the field sobriety tests or his appearance. However, as we have emphasized on more than one occasion, police officers are "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Cerrone*, 246 F.3d at 203 (quoting *Martinez*, 202 F.3d at 635) (internal quotation marks omitted). Insisting on such a heightened duty of investigation would defeat the purpose of qualified immunity, which is "to protect police from liability and suit when they are required to make on-the-spot judgments in tense circumstances." *Lennon*, 66 F.3d at 424.

■ Second, despite the district court's acknowledgment that the relevant analysis entails an inquiry into the facts known to the officer at the time of the arrest, *see Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 128 (2d Cir.

1997), the district court refused to consider a crucial fact of which Casabella was obviously aware—namely, that Coons had been involved in a single-car accident—because Casabella did not specifically mention this fact in the bill of particulars filled out in connection with the appearance ticket. Instead, by crediting Coons's claim that Casabella said he made the arrest because Coons's pupils were dilated, the district court appears to have mistakenly focused on Casabella's subjective intent in issuing the ticket. *See Lee v. Sandberg,* 136 F.3d 94, 103 n. 5 (2d Cir.1997) (noting that "the State Troopers' motivation to arrest plaintiff is irrelevant to the question of probable cause"). Finally, we note that an absence of any physical signs of intoxication and the possibility that Coons might have passed some of the field sobriety tests, facts which we credit for the purposes of this appeal, might in some circumstances tend to exculpate an individual otherwise suspected of driving while intoxicated. However, a reasonable officer could conclude that these factors did not negate probable cause on the facts of this case, because at least three hours elapsed between the accident and Casabella's observation of Coons.

Because Casabella had arguable probable cause and thus was entitled to summary judgment on the basis of qualified immunity, we need not reach his claim that he had actual probable cause to issue the appearance ticket.

## CONCLUSION

The judgment of the district court is reversed.