**Elizabeth B. HORTON, Plaintiff–Appellant,**

**v.**

**TOWN OF BROOKFIELD, Tony C. Augustine, Gregory N. Waldmiller, Lawrence V. Bostock, Defendants–Appellees,**

**Candlewood Lake Owners Club and Daniel J. Caldwell, Defendants.**

**Docket No. 01–7767.**

United States Court of Appeals, Second Circuit.

July 17, 2002.

Nancy Burton, Redding Ridge, CT, for Appellant.

John B. Farley, Halloran & Sage LLP, Hartford, CT, for Appellee.

Present CABRANES, STRAUB and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Elizabeth Horton, a resident of Brookfield, seeks damages on her claims of false arrest and imprisonment, excessive force, malicious prosecution, and sex discrimination, pursuant to 42 U.S.C. §§ 1983 and 1988 and Connecticut common law, arising out of her arrest on September 10, 1996.

Horton's claims arise out of a dispute between Horton and Candlewood Lake Club Owners Corp. ("CLC") over Horton's approximately 15 years of unpaid water charges. Taking the facts in the light most favorable to the plaintiff, as we must on a *de novo* review of a district court's grant of summary judgment, *see, e.g., Coons v. Casabella*, 284 F.3d 437, 440 (2d Cir.2002), the facts giving rise to Horton's

claims are as follow. Unless otherwise noted, the material facts are undisputed.

On September 10, 1996, Daniel C. Caldwell, acting as an agent for CLC, entered onto Horton's property between ten and eleven o'clock at night to shut off her water service. Horton confronted Caldwell; when he informed her that he was shutting off her water, she called him a "sneaky son of a B.," tried to grab some papers from him, and grabbed or hit his arm. Caldwell also alleges, and Horton disputes, that she attempted to vandalize his truck. It is undisputed that the truck was not damaged.

Caldwell called the police, and three officers arrived at the Horton residence sometime between ten thirty and eleven o'clock. Horton declined to let them in, but first answered their questions through the storm door of her house and then came outside when the officers asked her. The officers placed Horton under arrest, and later determined that her arrest would be attributed to "breach of the peace." Horton was booked at the station and returned to her residence approximately one hour later, at about midnight.

On September 26, 1996, Horton appeared in Superior Court, and the court dismissed the charges for breach of peace that had been brought pursuant to sec 53a–181 of the Connecticut General Statutes. The court did, however, order her to pay a fine of $40 and to perform 10 hour of community service.* **Subsequently, Horton brought this action against officers Tony C. Augustine, Gregory N. Waldmiller, and Lawrence V. Bostock, the arresting officers, and the Town of Brookfield (collectively, "the Brookfield defendants"), and against Daniel C.**

Caldwell and CLC (together, "the CLC defendants").

**On March 20, 2001, the District Court entered judgment granting the Brookfield defendants' motion for summary judgment on all federal claims. With the federal claims resolved, the District Court further ruled that its original jurisdiction over the state law claims were extinguished, and dismissed without prejudice all of Horton's state law claims. On April 2, 2001, Horton moved in the District Court to amend and vacate the judgment. The District Court denied the motion; this appeal followed. Subsequent to Horton filing her appeal, she withdrew with prejudice her action against the CLC defendants, pursuant to a stipulation with CLC. We now review only the District Court's grant of summary judgment to the Brookfield defendants.**

**Having reviewed the record and Horton's claims on appeal, and finding in them no merit, we AFFIRM** the judgment of the District Court for substantially the reasons stated in its thorough opinion, *Horton v. Brookfield,* 2001 WL 263299 (D.Conn. March 15, 2001).

---

* The reasons for the dismissal of the action and the imposition of penalties on Horton cannot be ascertained, due to the absence of a record of this proceeding. *See Horton v. Brookfield,* 2001 WL 263299, at *3–4 (D.Conn. March 15, 2001).