Gabriel F. GUERRERO,
Plaintiff–Appellee,

v.

Gregory SCARAZZINI, Detective, Patrick McAllister, Detective, and Jennifer Bleier, Special Agent, Defendants–Appellants,

The City of New York, Defendant.

No. 06–5016–cv.

United States Court of Appeals,
Second Circuit.

Feb. 23, 2008.

Danna Drori (Michael J. Garcia, U.S. Attorney for the Southern District of New York, on the brief, Sara L. Shudofsky, of counsel), U.S. Attorney's Office for the Southern District of New York, New York, NY, for Appellants.

Alan D. Levine, Law office of Alan D. Levine, Esq., Kew Gardens, N.Y., for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Defendants-appellants Gregory Scarazzini, Patrick McAllister and Jennifer Bleier challenge the portion of an order entered in the Southern District of New York (Pauley, *J.*), on September 29, 2006, that denied their motion for summary judgment seeking qualified immunity from suit. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Scarazzini, McAllister and Bleier were officers assigned to an FBI Joint Organized Crime and Drug Enforcement Task Force investigation into a Dominican and Colombian narcotics ring in New York. The Task Force arrested plaintiff Gabriel Guerrero on the mistaken belief that he was a narcotics dealer; in fact, the suspect they intended to apprehend was Guerrero's son, Wilfredo. Guerrero sued Scarazzini, McAllister, Bleier and the City of New York for unlawful arrest without probable cause, in violation of the Fourth Amendment.[1]

We review the denial of summary judgment on Guerrero's false arrest claims *de novo*. *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir.2003).

We have jurisdiction over an interlocutory appeal of a district court's denial of summary judgment on qualified immunity if the appeal is based "on undisputed facts or plaintiff's version of the facts." *Coons v. Casabella*, 284 F.3d 437, 440 (2d Cir. 2002) (internal quotation marks omitted); *see also Salim v. Proulx*, 93 F.3d 86, 89 (2d Cir.1996). So, we analyze the facts in the light most favorable to Guerrero, "reviewing *de novo* the legal question of whether the disputed facts identified by the District Court are, in fact, material." *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir.2003).

Government officers are protected "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) (internal quotation marks omitted). Where the federal constitutional right at issue is clearly established, qualified immunity "protects a government actor if it was 'objectively reasonable' for him to believe that his actions were lawful at the time of the challenged act." *Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir.1995) (citing *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). That test is met if "officers of reasonable competence could disagree on the legality of the defendant's actions." *Id.* (internal quotation marks omitted). Put differently, "[i]f the officer reasonably believed that his actions did not violate the plaintiff's rights, he is entitled to qualified immunity even if that belief was mistaken." *Loria v. Gorman*, 306 F.3d 1271, 1282 (2d Cir. 2002).

In a false arrest case, "an arresting officer will still be entitled to qualified

---

1. Guerrero framed his false arrest claims against Scarazzini and McAllister as arising under 42 U.S.C. § 1983; however, because Scarazzini and McAllister were federally deputized for their Task Force work, this claim was properly brought (as the parties agree) as a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

immunity from a suit for damages if he can establish that there was 'arguable probable cause' to arrest." *Escalera v. Lunn,* 361 F.3d 737, 743 (2d Cir.2004). Arguable probable cause exists if "either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Wachtler v. County of Herkimer,* 35 F.3d 77, 80 (2d Cir.1994) (quoting *Golino v. City of New Haven,* 950 F.2d 864, 870 (2d Cir.1991)). On appeal we assess "the 'objective reasonableness' of their chosen course of action given the circumstances confronting them at the scene." *Lennon,* 66 F.3d at 421.

■ Given the material facts in this record, "the only conclusion a rational jury could reach is that reasonable officers would disagree about the legality of the defendants' conduct under the circumstances." *Id.* Accordingly, summary judgment was appropriate.

The conduct of McAllister and Bleier was objectively reasonable in light of "the circumstances confronting them at the scene" of Guerrero's arrest. *Id.* When the officers arrived at the property, which was the suspected home of the target narcotics dealer, Guerrero was lying on the ground in handcuffs, having already been apprehended by other members of the Task Force. Guerrero's residence at the property was confirmed by his driver license. McAllister and Bleier were then instructed by an Assistant District Attorney (either directly or through Scarazzini) to obtain a voice exemplar from Guerrero, and told that if it matched that of the suspected drug dealer (recorded on court-ordered wiretaps), they were to arrest him. After a Task Force interpreter confirmed a match, Guerrero was placed under arrest. These facts support arguable probable cause: "officers of reasonable competence could disagree on whether the probable cause test was met." *Wachtler,* 35 F.3d at 80.

■ Likewise, officers of reasonable competence could disagree as to whether Scarazzini had probable cause to identify Guerrero as the suspected narcotics dealer. A fellow officer identified Gabriel Guerrero as the suspected narcotics dealer seen emerging from a white Lexus; a search of the New York Police Department database revealed that the white Lexus was registered to Gabriel Guerrero; the last name "Guerrero" appeared on both the deed and a utility bill for the property where Guerrero lived (and was arrested); and Guerrero's voice exemplar matched that of the suspect. "Perhaps a rational jury could find that [Scarazzini] lacked probable cause and should not have arrested [Guerrero]; however, in our view, a rational jury could *not* find that [his] judgment was so flawed that no reasonable officer would have made a similar choice." *Lennon,* 66 F.3d at 424–25.

For the reasons set forth above, the judgment of the District Court is hereby **REVERSED,** and the District Court is instructed to enter summary judgment for Scarazzini, McAllister and Bleier.