10-3060-cv
Hodge v. City of Long Beach

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of June, two thousand eleven.

PRESENT: DENNIS JACOBS,
                    Chief Judge,
          RALPH K. WINTER,
          JOSEPH M. McLAUGHLIN,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

JAMES HODGE,

          Plaintiff-Appellee,

          -v.-                                    10-3060-cv

CITY OF LONG BEACH,

          Defendant,

POLICE OFFICER FALES, in his individual and official capacity, POLICE OFFICER WILLIAMS, in his individual and official capacity,

1

**Defendants-Appellants,**
POLICE OFFICERS JOHN DOE 1-10, in their
official and individual capacities,
(those being the names of officers who
were present and committed wrongful acts
and whose names are known by the other
Defendants),

**Defendants.**[*]

- - - - - - - - - - - - - - - - - - - - - -X

**APPEARING FOR APPELLANTS:**    RONALD J. ROSENBERG (John
S. Ciulla, on the brief),
Rosenberg Calica & Birney
LLP, Garden City, NY.

**FOR APPELLEE (on submission):**    FREDERICK K. BREWINGTON,
Hempstead, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Platt, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court is **REVERSED** and the case **REMANDED** with instructions to enter judgment in favor of Defendants-Appellants.

Officers Fales and Williams appeal from an order of the United States District Court for the Eastern District of New York (Platt, J.), which denied them qualified immunity in Hodge's 42 U.S.C. § 1983 claim of excessive force. (The court granted summary judgment in favor of the officers on all claims other than excessive force.) We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"Ordinarily, the denial of a motion for summary judgment is not immediately appealable because such a decision is not a final judgment." Cowan ex rel. Estate of Cooper v. Breen, 352 F.3d 756, 760 (2d Cir. 2003) (internal quotation marks omitted). Jurisdiction nevertheless lies where (as here) the appeal argues entitlement to qualified

---

[*] The Clerk of the Court is directed to amend the official caption to conform to the names listed above.

immunity "even under plaintiff's version of the facts." Coons v. Casabella, 284 F.3d 437, 440 (2d Cir. 2002) (internal quotation marks omitted). Accordingly, all disputed facts are construed (and all reasonable factual inferences are drawn) in Hodge's favor.

A police officer performing a discretionary function enjoys qualified immunity from an excessive force claim unless (1) she "violated a constitutional right" (2) that was "clearly established" at the time of the alleged violation. Saucier v. Katz, 533 U.S. 194, 201 (2001), overruled on other grounds by Pearson v. Callahan, 129 S. Ct. 808 (2009).

"Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Graham v. Connor, 490 U.S. 386, 396 (1989) (internal quotation marks omitted). The inquiry, which "judge[s] from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight," id., must include three specific considerations:

First, we consider "the severity of the crime at issue." Id. Domestic disputes tend to be "combustible," Tierney v. Davidson, 133 F.3d 189, 197 (2d Cir. 1998), and here the 911 call, the broken glass, and the plaintiff's torn and apparently blood-stained shirt reflected a potential severe domestic crime.

Second, we consider "whether the suspect poses an immediate threat to the safety of the officers or others." Graham, 490 U.S. at 396. A reasonable officer could have viewed the plaintiff's continued refusals to remove his hands from his pockets as an immediate threat to the officer's safety. Even before speaking with the plaintiff, the officers reasonably viewed the scene as so volatile and dangerous that they radioed for backup. Plaintiff's refusal to cooperate and his steps toward his brothers (the three Hodge brothers outnumbered the two officers) only increased the threat.

Third, we consider "whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." Id. Although the plaintiff was not attempting to flee the

3

scene, he displayed defiant resistance, abruptly turning and walking away from the officers. Id. ("Our Fourth Amendment jurisprudence has long recognized that the right to make an . . . investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." (citing Terry v. Ohio, 392 U.S. 1 (1968))).

These factors must be weighed against the degree of force used. Id. The plaintiff claims that the officers spun him around with a forearm, grabbed his neck, put him in a bear hug, and pulled his arms behind his back as they attempted to handcuff him, causing "injuries and bruises to his back, and abrasion on his arms and neck, and [rendering him] unable to swallow." Am. Compl. ¶¶ 26-34, 38. He concedes that the incident "happened quickly" and that he was never forced to the ground. Joint Appendix at 211-13.

It would be "an uncomfortable exercise" to determine "the answer [to] whether there was a violation" of Hodge's Fourth Amendment rights, because the decision "depend[s] on a kaleidoscope of facts not yet fully developed." Pearson, 129 S. Ct. at 819 (internal quotation marks omitted). But because of the plaintiff's defiance and the indicia of a potential incident of domestic violence, it would not be "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202. For this reason, we exercise our discretion to first determine that Hodge's Fourth Amendment right was not "clearly established" under these circumstances, Pearson, 129 S. Ct. at 818; the officers therefore enjoy qualified immunity whether or not the force violated Hodge's Fourth Amendment rights.

For the foregoing reasons, Defendants-Appellants are entitled to summary judgment based on qualified immunity for Plaintiff's § 1983 claim alleging excessive force. We therefore **REVERSE** the order of the district court and **REMAND** the case to the district court with instructions to enter judgment for Defendants-Appellants.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4