12-2726-cv
Connolly v. Calvanese

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                            **Chief Judge**,
            JOSÉ A. CABRANES,
            CHESTER J. STRAUB,
                            **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X
RICHARD J. CONNOLLY,
        **Plaintiff-Appellant**,

        -v.-                                        12-2726-cv

JOSEPH F. CALVANESE AND ROBERT COLEMAN,
        **Defendants-Appellees**.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                  Russell A. Schindler, Kingston, New York.

FOR APPELLEES:                  Denise A. Hartman and Frank Brady, Assistant Solicitors General, Barbara D. Underwood,

1

Solicitor General, _for_ Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, _J._).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Richard J. Connolly appeals from the judgment of the United States District Court for the Northern District of New York (McAvoy, _J._), granting summary judgment to Troopers Joseph F. Calvanese and Robert Coleman, and thereby dismissing Connolly's claims of false arrest, malicious prosecution, and use of excessive force. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a grant of summary judgment _de novo_, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." _Cox v. Warwick Valley Cent. School Dist._, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." _Matsushita Elec. Indus. Co. v. Zenith Radio Corp._, 475 U.S. 574, 587 (1986) (internal quotation marks omitted). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." _Scott v. Harris_, 550 U.S. 372, 380 (2007).

Connolly argues that there are genuine issues of material fact with regard to his false arrest, malicious prosecution, and excessive force claims. False arrest and malicious prosecution claims are barred if the officer had probable cause to make the arrest. _Singer v. Fulton Cnty. Sheriff_, 63 F.3d 110, 118-19 (2d Cir. 1995); _see also Jenkins v. City of New York_, 478 F.3d 76, 84 (2d Cir. 2007);

2

_Savino v. City of New York_, 331 F.3d 63, 72 (2d Cir. 2003). The _undisputed_ facts--including the toll collector's radio dispatch reporting Connolly as a suspected impaired driver, Connolly's illegal U-turn, and his illegal parking--support the district court's determination that Calvanese had probable cause to arrest Connolly for suspected DWI and initiate proceedings against him.

As to Connolly's claim that Coleman used excessive force in fingerprinting him, Connolly's version of events is blatantly contradicted by the record evidence, such that no reasonable jury could believe it. _Scott_, 550 U.S. at 380; _see also_ _Jeffreys v. City of New York_, 426 F.3d 549, 553–55 (2d Cir. 2005). Most significantly, his story that Coleman dislocated his left arm while pulling on it in order to make a single impression of all of his fingers is belied by the fingerprint card, which shows that Connolly's left digits were printed one at a time.

For the foregoing reasons, and finding no merit in Connolly's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK