*Oquendo v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of May, two thousand nineteen.

PRESENT:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

---

JOSEPH OQUENDO,

   *Plaintiff-Appellant*,

  v.              No. 17-3961

CITY OF NEW YORK, CAPTAIN DANIEL SOSNOWIK, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, SERGEANT VIET W. CAO, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES,

   *Defendants-Appellees*.

---

Appearing for *Plaintiff-Appellant*:     FREDERICK K. BREWINGTON, Law Offices of Frederick K. Brewington, Hempstead, NY

|  | (Stephen Bergstein, Bergstein & Ullrich, LLP, New Paltz, NY, *on the brief*). |
|---|---|
| Appearing for *Defendants-Appellees*: | RICHARD DEARING (Deborah A. Brenner, Jason Anton, *on the brief*), *for* Zachary W. Carter, Corporation Counsel for the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, *J.*; Mann, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on November 15, 2017, is **AFFIRMED**.

Plaintiff-Appellant Joseph Oquendo appeals from the judgment of the district court in favor of Defendants-Appellees Sergeant Viet Cao and Captain Daniel Sosnowik of the New York City Police Department. In 2011, Oquendo attended a late-night birthday party at which he consumed two glasses of wine. He later went to a housewarming party where he had another glass of wine and remained until early in the morning. Oquendo then gave an inebriated guest, Paulie, a ride home, and Paulie left a half-full bottle of beer in Oquendo's car. Before getting home, Oquendo fell asleep at a red light at an intersection in Brooklyn. The police found him asleep behind the wheel. Cao arrested Oquendo and charged him with driving while intoxicated or under the influence and with possessing an open container of alcohol in a motor vehicle. After his arrest, Oquendo passed a field sobriety test, but he declined to submit to a breathalyzer. He was subsequently acquitted of the charges. He then brought this 42 U.S.C. § 1983

2

action, claiming false arrest and malicious prosecution.[1]  The district court granted summary judgment in favor of Cao and Sosnowik, concluding that they had probable cause to arrest and initiate prosecution against Oquendo.  This appeal follows.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment de novo.  *Munoz-Gonzalez v. D.L.C. Limousine Serv., Inc.*, 904 F.3d 208, 212 (2d Cir. 2018).  Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

"Probable cause is a complete defense to a constitutional claim of false arrest, . . . [a]nd continuing probable cause is a complete defense to a constitutional claim of malicious prosecution."  *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014) (citing *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995); *Kinzer v. Jackson*, 316 F.3d 139, 143–44 (2d Cir. 2003)).  "Probable cause exists when one has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested."  *Id.* (quoting *Williams v. Town of Greenburgh*, 535 F.3d 71, 79

---

[1] Oquendo has abandoned on appeal his claims for malicious abuse of process and infringing on his property and contractual rights as well as his claim for municipal liability against the City of New York. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

(2d Cir. 2008)). "Even in the absence of probable cause, a police officer is entitled to qualified immunity where '(1) [his] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was "objectively reasonable" for [him] to believe that [his] actions were lawful at the time of the challenged act,'" i.e., where "there was 'arguable' probable cause." *Id.* at 82–83 (quoting *Jenkins v. City of New York*, 478 F.3d 76, 87 (2d Cir. 2007)).

Here, Cao was aware of the following undisputed facts at the time of Oquendo's arrest: (1) Oquendo had fallen asleep while his vehicle remained in drive in a traffic lane after attending a party in the early morning hours; (2) there was an open, half-full bottle of beer in the car's center console; and (3) Oquendo's eyes were watery upon being awakened by police officers. Courts, including this one, have held that reckless driving and corroborating evidence of alcohol consumption provide probable cause to arrest for driving while intoxicated. *See, e.g.*, *Conolly v. Calvanese*, 515 F. App'x 62, 63 (2d Cir. 2013) (summary order); *Hoyos v. City of New York*, 999 F. Supp. 2d 375, 388 (E.D.N.Y. 2013). We have also stated that the "absence of any physical signs of intoxication" does "not [necessarily] negate probable cause." *Coons v. Casabella*, 284 F.3d 437, 442 (2d Cir. 2002). Accordingly, we agree with the district court that the undisputed facts were sufficient to establish probable cause for Cao to arrest Oquendo. *See* N.Y. Veh. & Traf. Law §§ 1192(1), (3), 1227(1). We also agree that Oquendo's having passed the field sobriety test was alone insufficient to dissipate probable cause for his malicious-prosecution claim given (1) the

4

lapse in time between his arrest and administration of the test and (2) Oquendo's attendant refusal to submit to a breathalyzer. *See id.* § 1194(2)(f) ("Evidence of a refusal to submit to such chemical test or any portion thereof shall be admissible in any trial, proceeding or hearing based upon a violation of the provisions of [§ 1192] of this article but only upon a showing that the person was given sufficient warning, in clear and unequivocal language, of the effect of such refusal and that the person persisted in the refusal."). But even if these facts were insufficient to establish probable cause and continuing probable cause, they are plainly sufficient to establish "arguable" probable cause. *See Betts*, 751 F.3d at 82–83; *see also Figueroa v. Mazza*, 825 F.3d 89, 100 (2d Cir. 2016) (The qualified-immunity inquiry asks "whether *any* reasonable officer, out of the wide range of reasonable people who enforce the laws in this country, *could have* determined that the challenged action was lawful.").

Oquendo protests that Cao should have had the beer bottle tested for DNA and fingerprints, evidence Oquendo insists would have demonstrated that the bottle was not his and thus disputed material facts with respect to his false-arrest claim. But "[o]nce an officer has probable cause, he or she is 'neither required nor allowed' to continue investigating, sifting and weighing information." *Panetta v. Crowley*, 460 F.3d 388, 398 (2d Cir. 2006) (quoting *Krause v. Bennett*, 887 F.2d 362, 372 (2d Cir. 1989)); *see also Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (observing that "[o]nce a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and

5

eliminate every theoretically plausible claim of innocence before making an arrest" (quoting *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997))).

Oquendo further urges that the fact that he refused to submit to a breathalyzer should have been suppressed because Cao denied him his right to speak to counsel, and Oquendo's passing the field sobriety test would therefore have been sufficient to sustain his claim for malicious prosecution. Because this argument was first raised on appeal, we decline to address it. *See, e.g., In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) (observing that it is well settled that arguments not presented to the district court generally will not be considered for the first time on appeal).

We have considered Oquendo's remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6