24-1181-cv
*Wekenmann v. Biegasiewicz*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty-five.

PRESENT:
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> > *Circuit Judges.*

---

JUSTIN WEKENMANN,

> *Plaintiff-Appellant*,

> v.                                                                    24-1181-cv

SIMON BIEGASIEWICZ, MATTHEW NOECKER, COUNTY OF ERIE,

> *Defendants-Appellees*,

ERIE COUNTY SHERIFF'S OFFICE,

> *Defendant*.*

---

FOR PLAINTIFF-APPELLANT:                    Steven M. Cohen, Tiveron Law PLLC, Amherst, New York.

---

* The Clerk of the Court is respectfully directed to amend the caption on this Court's docket to be consistent with the caption on this order.

FOR DEFENDANTS-APPELLEES: Erin Molisani, Assistant County Attorney, *for* Michael J. Keane, Erie County District Attorney, Buffalo, New York.

Appeal from the judgment of the United States District Court for the Western District of New York (Geoffrey W. Crawford, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on March 29, 2024, is **AFFIRMED**.

Plaintiff-Appellant Justin Wekenmann appeals from the district court's grant of summary judgment, pursuant to Federal Rule of Civil Procedure 56, in favor of Defendants-Appellees Simon Biegasiewicz, Matthew Noecker, and Erie County on Wekenmann's claims for false arrest and malicious prosecution pursuant to 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

On the evening of April 2, 2017, a motorcycle driven by Wekenmann collided with an oncoming police car driven by Erie County Detective Noecker on the bend of a narrow, hilly road in Erie County, New York. At the scene of the accident, Detective Noecker and Erie County Sheriff's Deputy Biegasiewicz independently questioned Wekenmann. According to the officers, Wekenmann smelled of alcohol and told them that he had been drinking earlier that day. Deputy Biegasiewicz also testified that he subjected Wekenmann to various field sobriety tests, some of which he failed, including the nystagmus test (which requires an individual to follow an officer's pen with his eyes), the walk-and-turn test, and the finger-to-nose test, and that Wekenmann

2

registered a blood-alcohol content of 0.12 on an Alco-Sensor reading.[1]   Based on the results of those tests, as well as his interactions with Wekenmann, Deputy Biegasiewicz arrested Wekenmann for driving while intoxicated and for a traffic violation for failing to keep right.   Wekenmann was eventually acquitted of the charges and subsequently brought this lawsuit.

Following discovery, the district court granted summary judgment in favor of Detective Noecker and Deputy Biegasiewicz on Wekenmann's claims for false arrest and malicious prosecution.  *See Wekenmann v. Biegasiewicz*, No. 19-cv-1572, 2024 WL 1947898, at \*12–13 (W.D.N.Y. Mar. 29, 2024).   In doing so, the district court concluded that the officers were entitled to qualified immunity because they had arguable probable cause to arrest and prosecute Wekenmann based upon, *inter alia*, the uncontroverted evidence establishing that Wekenmann was in a motor vehicle collision with Detective Noecker, officers detected an odor of alcohol from Wekenmann, Wekenmann consumed some amount of alcohol before the accident, and the Alco-Sensor reading registered Wekenmann's blood-alcohol content as 0.12.  *Id*. at \*13.   The district court also dismissed Wekenmann's claims for a *Monell* violation and malicious prosecution with respect to Erie County.[2]  *Id*. at \*8–10.   This appeal followed.

"We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the party opposing summary judgment and drawing all reasonable inferences in [his] favor."  *Guan v. City of New York*, 37 F.4th 797, 804 (2d Cir. 2022).   Summary

---

[1]   An Alco-Sensor test is a pre-screening breath test that is different from a chemical breathalyzer test. Deputy Biegasiewicz also asked Wekenmann to take a breathalyzer test, but Wekenmann declined to do so.

[2]   On appeal, Wekenmann does not contest the dismissal of his *Monell* and malicious prosecution claims as to Erie County.   As a result, he has abandoned any challenge regarding those claims.   *See Tereshchenko v. Karimi*, 102 F.4th 111, 123 n.5 (2d Cir. 2024).

judgment is proper when the moving party can show that "there is no genuine issue as to any material facts, and that [he] [is] entitled to judgment as a matter of law." *Aponte v. Perez*, 75 F.4th 49, 55 (2d Cir. 2023).

On appeal, Wekenmann argues that the district court erred in granting summary judgment on his false arrest and malicious prosecution claims with respect to Detective Noecker and Deputy Biegasiewicz on the basis of qualified immunity because the officers arrested him without probable cause, or even arguable probable cause, in violation of clearly established law. We disagree and conclude that the district court correctly determined that the officers were entitled to qualified immunity on the false arrest and malicious prosecution claims.

Probable cause to arrest "is a complete defense to an action for false arrest." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal quotation marks and citation omitted). Officers have probable cause to arrest when they have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006) (internal quotation marks and citations omitted). "The existence of probable cause depends on the totality of the circumstances," *Washington v. Napolitano*, 29 F.4th 93, 105 (2d Cir. 2022), and courts consider only the facts "available to the officer[s] at the time of the arrest and immediately before it," *Ashley v. City of New York*, 992 F.3d 128, 136 (2d Cir. 2021) (internal quotation marks and citation omitted). Moreover, "[o]nce a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Ricciuti v. N.Y.C.*

4

*Transit. Auth.*, 124 F.3d 123, 128 (2d Cir. 1997).   In sum, probable cause does not present a "high bar."   *Kaley v. United States*, 571 U.S. 320, 338 (2014).

Even where there is an absence of actual probable cause, officers are entitled to qualified immunity if their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" or where they have "arguable probable cause to arrest."   *Betts v. Shearman*, 751 F.3d 78, 82–83 (2d Cir. 2014) (internal quotation marks and citations omitted).   "A police officer has arguable probable cause if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met."   *Figueroa v. Mazza*, 825 F.3d 89, 100 (2d Cir. 2016) (internal quotation marks and citation omitted).   As we have previously explained, in determining whether arguable probable cause exists, the relevant question is "whether *any* reasonable officer, out of the wide range of reasonable people who enforce the laws in this country, *could have* determined that the challenged action was lawful."   *Id.* (emphases in original).

Here, we conclude that the district court correctly held that Detective Noecker and Deputy Biegasiewicz had arguable probable cause to arrest Wekenmann for driving while intoxicated and were thus entitled to qualified immunity based on the uncontroverted evidence in the record.   As an initial matter, it is undisputed that Wekenmann was in a motor vehicle accident with Detective Noecker.   Wekenmann also conceded in his deposition that he had consumed alcohol some hours before the accident, and that he told the officers at the scene of the accident that he had done so.   Moreover, Wekenmann does not raise a genuine factual dispute that Detective Noecker smelled alcohol on Wekenmann.

In addition, there is uncontroverted evidence that Wekenmann registered a blood-alcohol content of 0.12 on an Alco-Sensor reading. Although Wekenmann suggests that there is a factual dispute about the reading because, during the town court proceeding, he testified that Deputy Biegasiewicz told him that the Alco-Sensor indicated his blood-alcohol level was 0.03, his arguments are unavailing. Wekenmann offers no evidence—such as, for example, that he in fact saw a reading of 0.03 on the Alco-Sensor device or that the Alco-Sensor device generated the 0.12 reading in error—to put into genuine dispute Deputy Biegasiewicz's testimony that Wekenmann's blood-alcohol level was above the legal limit. Moreover, to the extent Wekenmann attempts to use his own testimony from the town court proceeding to contradict Deputy Biegasiewicz's testimony regarding the Alco-Sensor test, the district court determined that his statement was inadmissible hearsay[3] and Wekenmann provided no proper basis on which to admit this evidence. *See Wekenmann*, 2024 WL 1947898, at *1, 6 n.6; *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 924 (2d Cir. 1985) (explaining that a party "cannot rely on inadmissible hearsay in opposing a motion for summary judgment absent a showing that admissible evidence will be available at trial" (citations omitted)); *see also Patterson v. County of Oneida, NY*, 375 F.3d 206, 222 (2d Cir. 2004) (explaining that prior nonparty testimony was inadmissible hearsay and thus insufficient to create a dispute of fact where plaintiff provided no affidavit representing that the same testimony would be given at trial and made no showing that the prior testimony was otherwise admissible). Wekenmann does not address on appeal the district court's ruling as to the inadmissibility of his statement, and thus he has waived any challenge to that ruling.

---

[3] The district court determined that Wekenmann "offer[ed] no basis on which to admit th[e] hearsay," *i.e.*, Wekenmann's testimony in the town court proceeding that Deputy Biegasiewicz told him the Alco-Sensor revealed a 0.03. *Wekenmann*, 2024 WL 1947898, at *6 n.6.

*See Tereshchenko v. Karimi*, 102 F.4th 111, 123 n.5 (2d Cir. 2024). In short, Wekenmann has failed to raise a genuine factual dispute as to the evidence that his blood-alcohol content was 0.12 on the Alco-Sensor reading.

Deputy Biegasiewicz also testified in his deposition in the instant action that Wekenmann failed several field sobriety tests. Wekenmann asserts that "he didn't fail any of the field sobriety tests since due to the environmental conditions the tests were impossible to perform." Reply Br. at 5. In his opposing statement of material facts before the district court, he pointed to testimony from the town court proceeding given by an emergency medical services worker who treated him at the scene of the accident. However, we need not address this issue because, even assuming *arguendo* that the emergency medical services worker's town court proceeding testimony sufficiently put the results of those sobriety tests in dispute, the officers still had arguable probable cause to make an arrest for driving while intoxicated absent those facts based upon the totality of the uncontroverted evidence, which includes the accident, Wekenmann's admission that he had been drinking, the smell of alcohol on Wekenmann, and the Alco-Sensor reading of 0.12. *See Coons v. Casabella*, 284 F.3d 437, 441 (2d Cir. 2002) (explaining that an officer had arguable probable cause to arrest an individual for driving while intoxicated hours after an accident based on the fact that the officer knew the individual had been in a car accident, had consumed alcohol earlier that day, and had not consumed alcohol after the accident); *see also Malarczyk v. Lovgren*, No. 22-504, 2023 WL 8073099, at *2 (2d Cir. Nov. 21, 2023) (summary order) (explaining that probable cause existed to arrest an individual for driving while intoxicated where, *inter alia*, officers saw the individual commit traffic infractions, observed a beer can fall out of the car, and smelled alcohol on the individual's breath).

Wekenmann also suggests that certain facts in this case, on their own, are insufficient to form a reasonable basis that Wekenmann was driving while intoxicated. For example, he asserts that "[w]hile [an] Alco-Sensor test can help establish probable cause for the arrest, it cannot, in and of itself, establish probable cause for such arrest." Reply Br. at 7 (emphasis omitted). This argument misses the mark. We do not assess probable cause fact-by-fact. *See Stansbury v. Wertman*, 721 F.3d 84, 92–93 (2d Cir. 2013). Instead, in assessing whether probable cause exists, we must consider the "whole picture," which, as the Supreme Court has explained, "is often greater than the sum of [the] parts—especially when the parts are viewed in isolation." *District of Columbia v. Wesby*, 583 U.S. 48, 60–61 (2018).

In sum, we conclude that the uncontroverted evidence demonstrates, based on the totality of the circumstances, that Detective Noecker and Deputy Biegasiewicz had arguable probable cause to arrest Wekenmann for driving while intoxicated, and thus the district court was correct in concluding that the officers were entitled to qualified immunity on the false arrest claim.

As for Wekenmann's malicious prosecution claim, probable cause is also a complete defense. *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003). Probable cause exists in the context of malicious prosecution when there are "such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty." *Kee v. City of New York*, 12 F.4th 150, 166 (2d Cir. 2021). Probable cause must be present at the time the prosecution is initiated. *See, e.g.*, *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003). Where officers have probable cause for an arrest, they will also have probable cause to prosecute, unless new facts emerge after the arrest, but before the prosecution, that demonstrate the charges are groundless. *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996) ("In order for probable cause to dissipate, the

8

groundless nature of the charges must be made apparent by the discovery of some intervening fact."). Moreover, similar to false arrest claims, even if actual probable cause does not exist to support a malicious prosecution claim, officers are entitled to qualified immunity if they had arguable probable cause at the time the prosecution was initiated. *See Betts*, 751 F.3d at 83.

On appeal, Wekenmann points to no evidence in the record indicating that new facts emerged after his arrest that would impact probable cause for purposes of initiating a prosecution, and instead he appears to contest probable cause in the context of malicious prosecution on the same grounds he contests probable cause in the context of his arrest. Accordingly, because, as explained above, there was arguable probable cause for Wekenmann's arrest, and because no new facts emerged before the town court proceeding commenced to dissipate that probable cause, the district court properly held that the officers were also entitled to qualified immunity on the malicious prosecution claim. *See Ashley*, 992 F.3d at 138.

*         *         *

We have reviewed Wekenmann's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's orders.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9